[No. F008164. Fifth Dist. Sept. 9, 1987.]

STELLING ROBINSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and REPUBLIC
INDEMNITY COMPANY OF AMERICA, Respondents.

786

COUNSEL

Hays, Cantrell, Green, Pekich & Zaks, Cantrell, Green, Pekich & Zaks and Richard Zaks for Petitioner.

Richard W. Younkin, William B. Donohoe, Charles E. Finster, Schummer, Barton, Rolbin, Hurst & Wax and Steven H. Wax for Respondents.

OPINION

BEST, J.—Petitioner seeks to annul the decision of the Workers' Compensation Appeals Board (WCAB or Board), made after reconsideration, affirming a stipulation with request for award (stipulation) which had been approved and issued by the workers' compensation judge (WCJ). Petitioner contends the WCAB erred (1) in denying his request to withdraw from the stipulation prior to its being approved and acted upon; (2) by approving the stipulation which did not adequately reflect his temporary disability entitlement; and (3) by issuing an award determining his permanent disability rating while petitioner was engaged in vocational rehabilitation.

We reject each of the contentions and affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about December 15, 1978, petitioner, Stelling Robinson, filed three separate applications with the WCAB against defendants and respondents Giumarra Vineyards and its workers' compensation insurance carrier, Republic Indemnity Company of America (Republic), alleging injuries to petitioner's left arm and shoulder as a result of specific injuries occurring in January 1975 and July 19, 1978, and repetitive trauma from November 3, 1974, to July 19, 1978, all arising out of his employment as a farm laborer for Giumarra Vineyards. Republic filed answers admitting injury and placing in issue initial liability for self-procured medical treatment, medical-legal costs, periods of temporary disability, permanent disability and apportionment.

The cases were consolidated for trial and at a hearing held before the WCAB on August 18, 1981, petitioner submitted medical reports which were received into evidence. A report written on February 21, 1979, by Dr. John B. Armstrong, an orthopedic surgeon, stated that petitioner had a cervical nerve root compression syndrome and his injury was considered permanent and stationary for rating purposes. A report written by petitioner's treating physician in Tucson, Arizona, Dr. Jaime Vargas, on June 10, 1981, stated that petitioner had a problem with two disks in his neck and also had a nerve problem in his left arm. This report contained another report written by Dr. Harvey G. Goodman on September 22, 1980, which stated that petitioner had an injury to nerves in the left arm. A report written by Dr. Winston Warr dated March 26, 1980, stated that petitioner's condition seemed no better than when he had been examined by Dr. Armstrong.

At the same hearing, Republic submitted into evidence a report by Dr. Sheldon Schoneberg, an orthopedic surgeon, written on July 19, 1979, which stated that petitioner's condition could be considered permanent and stationary.

Pursuant to respondents' motion, the WCAB ordered petitioner to report for examination to Dr. Joseph Bailey who was appointed by the Board as an independent medical examiner. Dr. Bailey, in his initial report dated October 21, 1981, did not consider petitioner to be permanent and stationary at that time but rather that he had been and was still temporarily totally disabled from his usual and customary employment from July 19, 1978, to that date and continuing. The WCJ admitted Dr. Bailey's report into evidence.

Unaware that respondents' counsel had filed a request to cross-examine Dr. Bailey, the judge issued his findings and order, which held that petitioner was entitled to temporary disability benefits from July 20, 1978, up to August 18, 1981, and continuing thereafter. Republic objected to the award in its petition for reconsideration and, pursuant to the WCJ's recommendation, the WCAB rescinded the award to allow the respondents the opportunity to cross-examine Dr. Bailey by deposition. Republic solicited an updated medical opinion from petitioner's attending physician as to whether or not petitioner's condition had become permanent and stationary. In a report dated December 27, 1983, Dr. Jaime Vargas described petitioner's condition as stationary as of that date.

The WCJ ordered petitioner to see Dr. Joseph Bailey again for reexamination on April 9, 1985. In his report, Dr. Bailey stated that he thought petitioner became permanent and stationary when he was so considered by

Dr. Vargas on December 27, 1983. He further added that petitioner should be allowed future medical care and that he should retrain. In conclusion, he believed that petitioner's temporary disability and self-procured medical treatment were reasonable following the July 19, 1978, injury up to the time he was found to be permanent and stationary. This report was served on both parties on June 5, 1985.

Several months later, petitioner entered into a stipulation which was submitted at the hearing on October 16, 1985. Petitioner stipulated that his injury had caused temporary disability for three specific periods: (1) July 20, 1978, to December 28, 1978; (2) June 3, 1979, to July 28, 1979; and (3) September 28, 1982 to July 19, 1983. Petitioner further stipulated that he had been adequately compensated for the temporary disability, that the injury caused 40.2 percent permanent disability, that he declined vocational rehabilitation at the time, and that he waived any claim to rehabilitation benefits to date, i.e., October 16, 1985.

By way of a letter dated October 21, 1985, a friend requested on behalf of petitioner that the decision be set aside on the basis that petitioner could not read and that petitioner's attorney did not adequately explain all of the options available to him. Petitioner reiterated his desire to withdraw from the stipulation in a second letter to the judge written by Attorney Dee-Dee Samet on December 4, 1985.

The WCJ advised Republic in a letter dated December 12, 1985, that petitioner had an ex parte communication with him stating his dissatisfaction with the sum of the settlement. The WCJ further stated in his letter that he would withhold the approval of the stipulation for a short period of time to allow the parties to explore the possibility of a compromise and release settlement. Petitioner submitted a substitution of attorneys form on February 10, 1986. On that same date, petitioner requested resumption of rehabilitation services from Republic. The rehabilitation benefits were resumed effective that date.

On February 12, 1986, petitioner, through his new counsel, reiterated his request to withdraw from the stipulation in a letter to the WCJ. Petitioner's counsel requested that the stipulation not be approved on the basis that the temporary disability benefits were inadequate in light of Dr. Bailey's report. Petitioner's counsel also stated that it was premature to enter into a stipulation for permanent disability indemnity prior to a determination of petitioner's rights to rehabilitation and his feasibility to benefit therefrom.

The WCJ issued an undated award service dated March 21, 1986, based on the stipulation submitted by the parties. Petitioner sought reconsider-

ation of the findings and award. The WCJ recommended that reconsideration be granted and the findings and award rescinded. On September 10, 1986, respondent WCAB issued its opinion and decision after reconsideration denying petitioner's request that the findings and award of March 21, 1986, be set aside. It is from this decision that petitioner seeks relief.

I

*Was it error to deny petitioner's request to withdraw from the stipulation?*

Petitioner argues that because he sought to be relieved of the stipulation before it was approved and acted upon by the WCAB, he should have been permitted to withdraw from the stipulation.

Generally, stipulations are binding upon the parties. "Unless the trial court, in its discretion, permits a party to withdraw from a stipulation [citations], it is conclusive upon the parties, and the truth of the facts contained therein cannot be contradicted. [Citations.]" (*Palmer* v. *City of Long Beach* (1948) 33 Cal.2d 134, 141-142 [199 P.2d 952].) A stipulation is also binding on the court where the stipulation is not contrary to law, court rule or policy. (*Greatorex* v. *Board of Administration* (1979) 91 Cal. App.3d 54, 58 [154 Cal.Rptr. 37].)

However, stipulations which arise in workers' compensation cases are not necessarily binding on the WCAB. Labor Code section 5702 provides: "The parties to a controversy may stipulate the facts relative thereto in writing and file such stipulation with the appeals board. The appeals board *may* thereupon make its findings and award based upon such stipulation, or may set the matter down for hearing and take further testimony or make the further investigation necessary to enable it to determine the matter in controversy." (Italics added.)

Accordingly, while stipulations are permissible in workers' compensation cases and are treated as evidence in the nature of an admission, they are not binding on the WCJ or the WCAB. (*Turner Gas Co.* v. *Workmen's Comp. Appeals Bd.* (1975) 47 Cal.App.3d 286, 290-291 [120 Cal.Rptr. 663]; see also *Draper* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 502, 508, fn. 4 [195 Cal.Rptr. 248].)

Petitioner suggests that because the workmen's compensation laws must be liberally construed with the purpose of extending their benefits for the protection of injured workmen (Lab. Code, § 3202), "concurrent with the discretion of the WCAB per Labor Code Sec. 5702 to permit the

submission of stipulations for review is the right of a party to withdraw from such stipulations *before* they have been acted upon by the WCAB."

We disagree. Stipulations are designed to expedite trials and hearings and their use in workers' compensation cases should be encouraged. (*Rippey* v. *Spreckels Sugar Co.* (1957) 22 Cal. Comp. Cases 163, 164.) If one party could, as a matter of right, withdraw from a stipulation at any time before it was acted upon by the WCJ or the WCAB, other parties could not rely upon the stipulation and, rather than being expedited, hearings would be subject to uncertainty and disruption in order for the parties to gather and present evidence on issues thought to have been laid to rest by the stipulation.

 Of course, where a stipulation has been " 'entered into through inadvertence, excusable neglect, fraud, mistake of fact or law, where the facts stipulated have changed or there has been a change in the underlying conditions that could not have been anticipated, or where special circumstances exist rendering it unjust to enforce the stipulation,' a court may exercise its sound discretion and set aside the stipulation. [Citations.] But, '[w]hen there is no mistake but merely a lack of full knowledge of the facts, which . . . is due to the failure of a party to exercise due diligence to ascertain them, there is no proper ground for relief.' [Citation.]" (*Huston* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 856, 865-866 [157 Cal.Rptr. 355].)

 The question presented in the instant case, therefore, is whether the WCAB abused its discretion in failing to relieve petitioner from the stipulation. We think not. After obtaining new counsel, petitioner sought to withdraw from the stipulation. New counsel contended that petitioner should be relieved from the stipulation on the ground that it was inadequate in light of the report of the independent medical examiner, Dr. Joseph Bailey. Petitioner's stipulation on the issue of temporary disability benefits was in direct conflict with Dr. Bailey's findings. The record shows, however, that at least two of the doctors who examined petitioner had submitted reports stating that petitioner's condition had become permanent and stationary before 1981, which conflicted with Dr. Bailey's report. Therefore, a substantial conflict existed in the evidence. Furthermore, both parties had obtained copies of Dr. Bailey's report in June 1985 and, therefore, knew or should have known about the conflicting evidence before they entered into the stipulation on October 16, 1985.

In the absence of fraud or duress (which petitioner does not contend exists), the only possible reason the parties entered into such stipulation was to settle definitely the factual issues which could not be easily resolved by

the evidence existing in the record. Based on the existing evidence, the WCAB could have issued an award that was even less favorable to petitioner. No abuse of discretion has been shown.

## II

*Did the WCAB err in approving the stipulation which did not adequately reflect petitioner's disability?*

■ Petitioner contends that the WCJ should not have accepted the stipulation because it did not adequately reflect the extent of his temporary disability in light of Dr. Bailey's report. Petitioner cites *Draper* v. *Workers' Comp. Appeals Bd., supra,* 147 Cal.App.3d 502, 507, which adverts to the duty of a judge not to accept stipulations that do not adequately reflect the extent of the worker's disability.

■ "The period of temporary total disability is that period when the employee is totally incapacitated for work and during which he may reasonably be expected to be cured or materially improved with proper medical attention" (*W. M. Lyles Co.* v. *Workmen's Comp. App. Bd.* (1969) 3 Cal.App.3d 132, 136 [82 Cal.Rptr. 891]), or until his condition becomes permanent and stationary. (See *Perry* v. *Workers' Comp. Appeals Bd.* (1977) 66 Cal.App.3d 887, 891-892 [136 Cal.Rptr. 309].) Whether a condition has become permanent and stationary is purely a question of fact to be determined from the evidence. (*Dalen* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 497, 511 [103 Cal.Rptr. 128].)

■ In the instant case, there was, as previously noted, a substantial conflict in the medical opinions. Dr. John Armstrong found petitioner to be permanent and stationary as of February 21, 1979. Dr. Sheldon Schoneberg reported petitioner's condition to be permanent and stationary as of July 10, 1979. In his report of December 27, 1983, Dr. Jaime Vargas considered petitioner's condition to be stationary as of that date and Dr. Bailey concurred. "I would think he became permanent and stationary when he was so considered by Dr. Vargas (12/22/83?)." The parties chose to resolve this conflict in the evidence by entering into the stipulation. The Board did not err in accepting the stipulation and making its award in accordance with the request.

Petitioner seems to suggest that when a conflict exists in the medical evidence the WCAB, and this court, must accept the opinion of the independent medical examiner appointed by the Board. This is not the law. ■ While the Board may obtain and utilize the expert opinions of independent medical examiners (see Lab. Code, § 5703.5; Cal. Admin.

Code, tit. 8, ch. 4.5, § 10700), the Board and not the physician is the trier of fact. (*Johns-Manville Products Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 740, 753 [151 Cal.Rptr. 215].)

### III

*Was the WCAB precluded from making a permanent disability award because vocational rehabilitation benefits had been resumed?*

On October 16, 1985, when the parties entered into the stipulation, petitioner was not receiving vocational rehabilitation benefits. In fact, rehabilitation benefits had been suspended by order of the Rehabilitation Bureau dated August 17, 1985. At petitioner's request made on February 10, 1986, rehabilitation benefits were resumed.

Rehabilitation is a factor to be considered in determination of the permanent disability rating. (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 243 [193 Cal.Rptr. 547, 666 P.2d 989]; *Gill* v. *Workers' Comp. Appeals Bd.* (1985) 167 Cal.App.3d 306, 311 [213 Cal.Rptr. 140].) In *Harklerode* v. *Young's Market Co.* (1979) 44 Cal. Comp. Cases 561, the Board held, "[A] permanent disability rating may properly be established while an applicant is seeking rehabilitation benefits if rehabilitation benefits are not actually being received or if neither party objects to the issue of permanent disability being tried and determined pending rehabilitation." (*Id.* at p. 562.)

Petitioner contends that his last request for withdrawal of the stipulation before the award was issued constituted an objection to a determination of the permanent disability pending rehabilitation. However, in the first instance, not only did petitioner not object to a determination of permanent disability, but instead, specifically consented to that determination by entering into the stipulation. Furthermore, the stipulation did not preclude future rehabilitation benefits. Therefore, the only way that petitioner's subsequent objection to a determination of the issue of permanent disability could have any force is if we determine in the first instance that the stipulation was improperly accepted. This court having determined that the WCAB did not abuse its discretion in failing to permit petitioner to withdraw from the stipulation, petitioner's contention must fail. In other words, if petitioner stipulated to a determination of permanent disability, he could not at the same time have objected to its determination.

The order after reconsideration is affirmed.

Woolpert, Acting, P. J., and Reid, J.,* concurred.

Petitioner's application for review by the Supreme Court was denied December 2, 1987.

---

*Assigned by the Chairperson of the Judicial Council.