[No. C029792. Third Dist. Jan. 7, 1999.]

COUNTY OF SACRAMENTO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and PAMELA
ESTRADA, Respondents.

## COUNSEL

Twohy, Darneille & Frye and Tuen Y. Wong for Petitioner.

No appearance for Respondents.

## OPINION

**NICHOLSON, J.**—The County of Sacramento sought a writ of review in this court after the Workers' Compensation Appeals Board (the Board) upheld the award of temporary benefits to respondent Pamela Estrada. We granted the petition and issued the writ. We now find the Board's order must be annulled because the workers' compensation judge acted in excess of her statutory authority in leaving open discovery after the mandatory settlement conference and in admitting evidence.

## Procedural History[1]

In March 1992, Estrada was employed by the county as a work project inmate and injured her back on the job. She filed a claim for workers' compensation benefits in propria persona and obtained an evaluation from a qualified medical evaluator (QME), Dr. Alan Tempkin. After receiving Dr. Tempkin's report, the county objected to it on the basis that it did not comply with Labor Code section 4628 for failure to state what was relied on in forming his opinion.[2]

In April 1997, Estrada retained counsel and requested the county to stipulate to an agreed medical evaluator. They agreed on Dr. Henry Eddington; however, Estrada changed her mind and decided, instead, to rely on Dr. Tempkin's evaluation.

In September 1997, Dr. Tempkin issued a one-page report with no references to or discussion of the records provided to him. The county again objected to the report on the basis that it was inadequate under section 4628.

In December 1997, Estrada filed a "Request for Expedited Hearing and Decision" with the the Board, in which she declared, under penalty of perjury, that she was ready to proceed and that discovery was complete.

On December 12, 1997, the parties attended a mandatory settlement conference and advised the workers' compensation judge that they were ready to proceed by way of an expedited hearing and decision. The county objected to reliance on Dr. Tempkin's report. In response, Estrada stated she would obtain a supplemental report to overcome the deficiencies of the existing report. The county, however, objected to this procedure because, by statute, discovery closed on the date of the settlement conference. (See § 5502, subd. (d)(3).) The workers' compensation judge overruled the county's objection and left discovery open for Estrada to obtain the supplemental report.

In January 1998, Dr. Tempkin provided a one-page supplemental report, listing the records he reviewed in preparing his report. The case was submitted for decision on the records and briefs with the county's objection that Dr. Tempkin's report was inadmissible.

---

[1]Since the respondents did not appear in this court, the facts are taken from the petition for writ of review.

[2]Subsequent undesignated code references are also to the Labor Code.

The workers' compensation judge issued her findings and award on February 11, 1998. Based on Dr. Tempkin's reports, she awarded Estrada temporary disability benefits at a rate to be adjusted by the parties. She did not rule on the county's section 4628 objection to Dr. Tempkin's report. In addition, she found that the report of Dr. Michael Kasman, submitted by the county, was inadmissible because the county was not entitled to a rebuttal QME.

The county petitioned the Board for reconsideration of the award. On reconsideration, the Board affirmed. From three reports, the Board attempted to paste together sufficient evidence to uphold the award. Those reports include Dr. Tempkin's report, his supplemental report, and Dr. Kasman's report (even though the last report was not admitted as evidence by the workers' compensation judge). We granted the county's petition for writ of review. Estrada has not responded.

## DISCUSSION

 Concerning the issue of keeping discovery open after the mandatory settlement conference, over the county's section 5502, subdivision (d)(3) objection, to receive Dr. Tempkin's report, the Board stated: "On this record, keeping discovery open after the mandatory settlement conference was within the [workers' compensation judge's] discretion. The [supplemental] report of Dr. Tempkin of January 23, 1998, is admissible." Contrary to the conclusory holding of the Board, we find the workers' compensation judge violated the mandatory provision of section 5502, subdivision (d)(3) that discovery must be closed at the mandatory settlement conference, and, therefore, will annul the Board's order.

Section 5502, subdivision (d)(3) states: "If the claim is not resolved at the mandatory settlement conference, the parties shall file a pretrial conference statement noting the specific issues in dispute, each party's proposed permanent disability rating, and listing the exhibits, and disclosing witnesses. Discovery shall close on the date of the mandatory settlement conference. Evidence not disclosed or obtained thereafter shall not be admissible unless the proponent of the evidence can demonstrate that it was not available or could not have been discovered by the exercise of due diligence prior to the settlement conference." The purpose of this section is to guarantee a productive dialogue either leading to the resolution of the dispute or thoroughly and accurately framing the stipulations and issues for hearing. (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 675, 685 [43 Cal.Rptr.2d 660].)

The bounds of discretion vested in the workers' compensation judge for keeping discovery open after the mandatory settlement conference are defined in section 5502. Discovery closes at the time of the mandatory settlement conference as to all evidence except for evidence which the proponent can demonstrate was not available or could not have been discovered by the exercise of due diligence prior to the settlement conference.

Here, there was no attempt to justify the failure to obtain a supplemental report from Dr. Tempkin. The county objected to the original report and made it known before the settlement conference that it was inadequate. Nevertheless, Estrada proceeded to the settlement conference, declaring under penalty of perjury that discovery was complete and that she was ready to proceed. Accordingly, admission of the supplemental report exceeded the bounds of discretion allowed to the workers' compensation judge by section 5502.

The Board similarly ignored the language of section 5502 and declared, without reasoning or authority, the workers' compensation judge had discretion to admit Dr. Tempkin's supplemental report. Such disregard for the statutory procedural mechanisms for resolving workers' compensation cases is inappropriate.

Keeping discovery open in this case after the mandatory settlement conference also cannot be justified by the workers' compensation judge's discretion to grant continuances. Section 5502.5 states: "A continuance of any conference or hearing required by Section 5502 shall not be favored, but may be granted by a workers' compensation judge upon any terms as are just upon a showing of good cause." Here, there was no attempt to show good cause. In fact, the workers' compensation judge did not grant a continuance, she merely left discovery open.

Because Dr. Tempkin's supplemental report was inadmissible, the Board's decision must be annulled. As seen in the Board's opinion, Dr. Tempkin's supplemental report was critical to establishing Estrada's case because, without the supplemental report, the original report was inadmissible due to the failure to state what records the examiner relied on to reach his conclusions. (See § 4628.)

Given our determination that the workers' compensation judge improperly left open discovery after the mandatory settlement conference and, therefore, improperly admitted Dr. Tempkin's report, upon which the workers' compensation judge based her award, it is unnecessary for us to consider the

county's contentions of error which occurred later in the process and would not, even if well taken, provide a different result.

## DISPOSITION

The decision of the Board on reconsideration is annulled and the cause remanded for further proceedings consistent with the views expressed herein.

Sims, Acting P. J., and Callahan, J., concurred.

The petition of respondent Pamela Estrada for review by the Supreme Court was denied March 24, 1999. Mosk, J., was of the opinion that the petition should be granted.