[No. C030903. Third Dist. Jan. 28, 2000.]

COUNTY OF SACRAMENTO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and GLENNIS
WEATHERALL, Respondents.

**COUNSEL**

Twohy, Darneille & Frye and James C. Farley for Petitioner.

Mastagni, Holstedt & Chiurazzi and Craig E. Johnsen for Respondents.

**OPINION**

**MORRISON, J.**—The workers' compensation system is designed to assure benefits to injured workers without the need to resort to a lawsuit. Procedural informality that would make the civil practitioner shudder is normal. But even a "flexible" system must have structure. Here, the Workers' Compensation Appeals Board (Board) deprived a party of the benefits of a stipulation. We annul the Board's decision and remand the matter.

### FACTUAL AND PROCEDURAL BACKGROUND

Decedent Jodie Weatherall was a probation officer. On March 16, 1991, decedent had a heart attack, from which he died on March 27, 1991. Decedent's widow claimed benefits, giving March 16, 1991, as the date of injury. After a June 14, 1995, claim for benefits on behalf of the widow and minor daughter was filed, Sacramento County (County) raised statute of limitation issues and the parties disputed whether a cumulative injury had been pleaded.

After a mandatory settlement conference, at a hearing on July 5, 1996, the parties entered into the following stipulation: "No cumulative trauma claim has been asserted for the March 16, 1991, massive heart attack which was claimed as a specific injury, nor has a cumulative trauma claim been asserted for the March 27, 1991, death for which an employee's claim for worker's compensation benefits was filed on June 14, 1995."

The issues remaining in dispute included the timeliness of the June 14, 1995, claim and whether the heart attack was caused by employment stress

and, in particular, whether it was connected to decedent's "industrial hypertensive injury of June 4, 1976[.]" One doctor opined death was caused by "industrial elements" and the other opined it was not. County's position, in part, was since there was no "new" injury, the claims were barred.

The workers' compensation judge (WCJ) issued a decision finding in part death was not "due to a specific job event." The applicants petitioned for reconsideration (really an administrative appeal to the Board), urging the WCJ to construe the claim to encompass cumulative injury.

County opposed the petition in part as follows: "[T]he Mandatory Settlement Conference stipulation of Applicant's attorney, and the trial stipulation of Applicant's attorney uniformly confirmed only specific injury claims were being considered, [therefore] it should not be a subject of any puzzlement or dismay that the [WCJ] concluded that he had no cumulative injury claim before him to consider."

The WCJ prepared a report and recommendation for the Board's use, conceding the claim form and ancillary papers may have raised the issues of cumulative trauma. "The problem this [judge] has is the fact that when the matter came on regularly for trial on July 5, 1996, the parties stipulated with regard to the possibly ambiguous pleadings in this case that 'no cumulative trauma claim has been asserted' " for the heart attack or for the ensuing death. "This trial judge approached the issues in this case from the factual basis established in part by the parties stipulations. If now the parties are withdrawing from those stipulations, then the factual basis for the decision is being changed. . . . If the parties wish to withdraw from or modify their stipulations, this trial Judge is willing to reconsider the matter in light of the liberal mandate set forth by the legislature in Labor Code § 3202, in later proceedings, but on the existing evidentiary record is constrained to recommend that the petition be denied."

Reconsideration was granted and the matter remanded to the WCJ. A majority of the Board concluded "the stipulation set forth at the Mandatory Settlement Conference of July 5, 1996, indicating there is no cumulative trauma claim, does not appear to be based upon the evidence. [¶] Turning to the statutory authority on stipulations, we note that California Code of Regulations, title 8, section 10497 provides: 'No finding shall be made contrary to a stipulation of the parties on an issue without giving the parties notice and an opportunity to present evidence thereon.' [¶] Next, California Code of Regulations, title 8, section 10492 provides: 'The pleading shall be deemed amended to conform to the stipulations and statement of issues

agreed to by the parties on the record. Pleading may be amended by the [Board] to conform to proof.' [¶] [Under these regulations], stipulations can be rejected by providing the parties with notice and an opportunity to present evidence. Therefore, we are persuaded that the most appropriate procedure in the instant matter is to return this case to the trial level in order for the [WCJ] to provide such notice to the parties and for such other proceedings and decision as are necessary."

County petitioned for reconsideration. A majority of the Board dismissed the petition on the ground it was not "taken from a final decision, order or award." The opinion dismissing the petition contains the following statement: "Moreover, defendant will have an opportunity to be heard and present evidence at the trial level on the issue of whether or not the stipulation is supported by evidence and whether or not a contrary finding should be made by the [WCJ]. [Fn. omitted.] [¶] In passing, if we were not dismissing the petition for reconsideration for procedural reasons, we would deny the petition on its merits for the reasons stated" in the initial Board decision.

In proceedings before a different WCJ, the stipulation was set aside because it "is not supported by the evidence submitted at the most recent trial[,]" and applicants were awarded benefits. County petitioned for reconsideration. A majority of the Board denied the petition.

## Discussion

■ The Board majority held a stipulation had to be *justified*, that is, *based on evidence*. Not so. A stipulation is "An agreement between opposing counsel . . . ordinarily entered into for the purpose of avoiding delay, trouble, or expense in the conduct of the action," (Ballentine, Law Dict. (1930) p. 1235, col. 2) and serves "to obviate need for proof or to narrow range of litigable issues" (Black's Law Dict. (6th ed. 1990) p. 1415, col. 1) in a legal proceeding.

Judge Coffey elaborated on the hornbook with his usual eloquence as follows: "What is a stipulation? In the Roman law it was a verbal contract and was in that jurisprudence considered the most solemn and formal of all contracts. It was from [mouth to mouth], *ore tenus;* and, in that sense, in early times at this local bar it was considered as if in writing under seal; that is tradition; but times have changed and now a stipulation is, in practice, an engagement in writing fastened by the signatures of the parties thereto, and even then, in some instances, seems to be repudiable. Once a man's word was his bond, but we have changed all that; and the primitive methods have

given way to a condition in which a solemn obligation scripturally incased has no more validity than the vapor of the breath of an inebriate. [¶] The law, however, remains to communicate virtue to the script, and it will not allow the court to exercise its imagination by supplying the alleged omissions in the stipulated statement." (*Estate of Bainbridge* (1914) 6 Coffey's Probate Decisions 308, 323, affd. *Estate of Bainbridge* (1915) 169 Cal. 166 [146 P. 427]; see Nicholas, An Introduction to Roman Law (Oxford U. Press 1962) Contracts, pp. 193-194; Kunkel, An Introduction to Roman Legal and Constitutional History (Oxford U. Press 2d ed. 1972) The Development of Civil Law, p. 79, fn. 1.)

"A stipulation may lawfully include or limit issues or defenses to be tried, whether or not such issues or defenses are pleaded. [Citations.]" (*Bemer v. Bemer* (1957) 152 Cal.App.2d 766, 771 [314 P.2d 114]; see *Estate of Burson* (1975) 51 Cal.App.3d 300, 307 [124 Cal.Rptr. 105] ["The stipulation furthers the public policies of settling disputes and expediting trials and is by no stretch of the imagination contrary to the policy of California. On the record here, it simply reflected what the parties agreed the pertinent language meant. The stipulation avoided the necessity of expenditure of the time and money of the parties and the public by removing from the litigation an item not in dispute."]; cf. *Burrows v. State of California* (1968) 260 Cal.App.2d 29, 33 [66 Cal.Rptr. 868] ["Obviously, plaintiffs did not intend to stipulate away their case while urging it"; there the stipulation would put the party out of court. Here, the applicant eliminated one of two theories of recovery, and pressed the remaining theory.].)

■ It is true the Board has the discretion to reject factual stipulations. (Lab. Code, § 5702; see *Frankfort General Ins. Co. v. Pillsbury* (1916) 173 Cal. 56, 58-59 [159 P. 150] [decided under predecessor statute].) But discretion does not validate capricious decisionmaking (*Bailey v. Taaffe* (1866) 29 Cal. 422, 424), and we are unaware of any statute permitting the Board to reject a stipulation clarifying the issues in controversy absent good cause. (See *Robinson v. Workers' Comp. Appeals Bd.* (1987) 194 Cal.App.3d 784, 790-791 [239 Cal.Rptr. 841].)

It is also true, "The pleadings in a workers' compensation proceeding are deemed amended to conform to the stipulations and statement of issues agreed to by the parties for the record. The pleadings will also be deemed amended to conform to proof if it appears that the parties considered the matter at issue. [Citations.] Pursuant to Labor Code Sec. 5502(d) and W.C.A.B. Rule 10353, stipulations and issues are framed at the mandatory settlement conference (MSC) for later trial at a regular hearing. Discovery

closes on the date of the MSC." (2 Herlick, Cal. Workers' Compensation Law (5th ed. 1998) Commencement of Proceedings, § 15.36, p. 15-65.0 (Herlick).) But the *converse* is not true; stipulations are not "deemed amended" to conform to proof, *vel non*, because the point of a stipulation is to obviate the need for proof.

■ "Labor Code Sec. 5709 provides that no informality of procedure or use of evidence inadmissible under common law or statutory rules of evidence shall invalidate any decision. But, the appellate courts have stressed that since compensation litigation involves adversary proceedings, the basic principles of procedural due process of the law must be meticulously followed, and there must be consistency regarding the record, the findings and the decision." (2 Herlick, *supra*, Appeals Board Hearing Procedure, § 16.1, p. 16-5.)

■ Of particular importance here, the trial stipulation was entered in accordance with the mandatory settlement conference, which is designed to circumscribe the issues for trial and thereby expedite compensation to the worker. For this reason, in the compensation arena, the mandatory settlement conference is serious business. "Ten days before the settlement conference, the parties are to file a conference statement noting the specific issues, listing exhibits and disclosing witnesses. Evidence not disclosed is not admissible unless the proponent of the evidence can demonstrate that it was not available or could not be discovered with due diligence prior to the conference. (Labor Code Sec. 5502(d)(3)). . . . Orders and rulings may also be made regarding admission of evidence and discovery matters including admission of offers of proof and stipulations of testimony." (2 Herlick, *supra*, § 16.4, pp. 16-8 to 16-9.) The parties are permitted to "frame the issues and stipulations for trial." (Lab. Code, § 5502, subd. (d)(2); see *County of Sacramento v. Workers' Comp. Appeals Bd.* (1999) 68 Cal.App.4th 1429, 1432 [81 Cal.Rptr.2d 266] [settlement conference statute guarantees "a productive dialogue either leading to the resolution of the dispute or thoroughly and accurately framing the stipulations and issues for hearing"]; see also *San Bernardino Community Hospital v. Workers' Comp. Appeals Bd.* (1999) 74 Cal.App.4th 928, 937-938 [88 Cal.Rptr.2d 516].)

"Stipulations are designed to expedite trials and hearings and their use in workers' compensation cases should be encouraged. [Citation.] If one party could, as a matter of right, withdraw from a stipulation at any time before it was acted upon by the WCJ or the WCAB, other parties could not rely upon the stipulation and, rather than being expedited, hearings would be subject to uncertainty and disruption in order for the parties to gather and present

evidence on issues thought to have been laid to rest by the stipulation." (*Robinson v. Workers' Comp. Appeals Bd.*, *supra*, 194 Cal.App.3d at p. 791.)

The effect of the Board's remand was to invite vacation of the stipulation if it was *bad* for the worker. That is not the appropriate standard by which a stipulation should be set aside. In an ordinary civil case we observed that "it is within the discretion of the trial court to disregard a stipulation that has been entered into through inadvertence or mistake of fact. [Citation.]" (*Johnstone v. Bettencourt* (1961) 195 Cal.App.2d 538, 540 [16 Cal.Rptr. 6].) The same "good cause" rule should apply herein. (See *Robinson v. Workers' Comp. Appeals Bd.*, *supra*, 194 Cal.App.3d at p. 791; *Huston v. Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 856, 865-866 [157 Cal.Rptr. 355] [lack of diligence is *not* good cause].)

Throughout these proceedings, references are made to the pro se status of the widow applicant at the time she filed the initial, ambiguous claim. It may well be the claim would have been construed to encompass both a specific injury and a cumulative injury. But such ambiguity was resolved when *counsel for applicant* entered into the stipulation.

When an attorney steps into an existing case he or she has a duty to review what has transpired, whether the client was previously represented by another attorney or was representing herself. The attorney cannot be blamed for mistakes made by others. But the attorney has a duty to identify those mistakes which may be remedied, and the failure to "clean up" a case may, of itself, be the new attorney's fault. Here, at a crucial point in the case, applicant's attorney entered into a stipulation in open court. In hindsight, it appears to have impaired applicant's case. But a poor outcome is not a principled reason to set aside a stipulation by counsel. (See *Duffy v. Griffith Co.* (1962) 206 Cal.App.2d 780, 787-788 [24 Cal.Rptr. 161] [counsel may withdraw an issue from the case; "Perhaps it may develop that he was mistaken in his judgment but that does not condemn him or retroactively sweep away his authority. If it appears that the attorney was negligent in the matter the client's remedy is against him personally"]; *San Bernardino Community Hospital v. Workers' Comp. Appeals Bd.*, *supra*, 74 Cal.App.4th at p. 937.) The record is devoid of any reason why the client should not be held to the stipulation.

We will annul the award with directions to consider the issue of *good cause* for setting aside the stipulation.

## Disposition

The decision of the Board is annulled and the matter remanded for further proceedings consistent with this opinion. County shall recover its costs in pursuing this petition.

Davis, Acting P. J., and Raye, J., concurred.