Filed 7/28/25  Estrellas Land Holding v. Valley Heart Ranch CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ESTRELLAS LAND HOLDING LLC, <br><br>    Plaintiff and Appellant, <br><br> v. <br><br> VALLEY HEART RANCH, LLC, et al., <br><br>    Defendants and Respondents. | 2d Civ. No. B342190 <br> (Super. Ct. No. 22CV02689) <br> (Santa Barbara County) |

     This appeal challenges the denial of a motion to dissolve a stipulated preliminary injunction.  Estrellas Land Holding LLC (Estrellas) contends the trial court erred by not allowing it to withdraw its consent to the preliminary injunction, not holding a hearing to establish the grounds for an injunction, and not requiring a bond.  We affirm.

              FACTUAL AND PROCEDURAL HISTORY

     This is an easement dispute between two adjacent

residential property owners. Estrellas owns the property at 2560 Whitney Avenue in Summerland. Valley Heart Ranch, LLC and its owners, Darrell and Kirsten Becker (collectively, Valley Heart) own the property at 2556 Whitney.

Estrellas sued Valley Heart[1] for breach of contract, quiet title to easement, and declaratory relief. The operative third amended complaint alleged that Valley Heart breached an agreement consenting to a private utility easement for Estrellas on Valley Heart's property. Estrellas also alleged its property was landlocked[2] and it was entitled to an access easement over Valley Heart's property. Valley Heart filed a cross-complaint against Estrellas for breach of contract, breach of the covenant of good faith and fair dealing, breach of agreement to negotiate agreement, trespass, nuisance, and declaratory relief.

Valley Heart applied for a preliminary injunction to enjoin Estrellas from working on Valley Heart's property, including "landscaping, grading, excavating or installation of any utility lines or other utility service systems, absent further order of the Court." Estrellas informed the court it did not oppose the application on the condition the court could later modify it for good cause shown. Estrellas did not request that Valley Heart

---

[1] The defendants are Valley Heart Ranch, LLC, Darrell W. Becker, Kirsten K. Becker, Manifest Building Inc. dba Ecolawn SB, and Javier Construction Inc.

[2] Property is "landlocked" if it cannot be accessed without an easement over property of another. (Black's Law Dict. (12th ed. 2024); see *Dubin v. Robert Newhall Chesebrough Trust* (2002) 96 Cal.App.4th 465, 477.)

post an undertaking.[3]  The proposed order did not include the requirement of an undertaking, and Estrellas did not request one.  The court issued the stipulated preliminary injunction as requested, "without prejudice to Estrellas' ability to later seek a modification of the order to permit construction work on 2556 Whitney for good cause shown."

More than a year later, Estrellas filed an ex parte application (the application) to dissolve the preliminary injunction.  The application included evidence of changed circumstances: that the County of Santa Barbara rescinded its stop work order[4]; the county approved the construction work, including work on Valley Heart's property over which Estrellas had an easement; and Valley Heart admitted in discovery that Estrellas had a right to certain easements.  An expert's declaration stated the county's approval of a "Minor Change" to Estrellas's permit "allow[s] [Estrellas] to proceed with the work outlined in its Site Plan."

Valley Heart opposed the application.  It stated that on its face, the county's purported approval was merely a "minor change" to the coastal development permit, and the document explicitly stated it was not a building/grading permit.  It presented a statement from a county building inspector that a

---

[3] The terms "undertaking" and "bond" are interchangeable. (Code Civ. Proc., § 995.210.)

[4] The stop work order was issued in June 2022.  Valley Heart's application for temporary injunction, filed August 16, 2023, relied upon a communication with the county in June 2023 that the stop work order was still in effect.  The order had actually been rescinded on August 8, 2023.

grading permit had not been issued. The opposition stated Valley Heart's discovery responses left the location and scope of easements unresolved. Following oral argument by the parties, the court denied the application on the merits.

Fifteen days later, Estrellas filed a motion (the motion) to withdraw its consent to the stipulated preliminary injunction, to require a hearing on issuance of the preliminary injunction, and to require that Valley Heart post a bond.

The trial court issued a tentative decision to deny the motion. The court stated, "Parties cannot enter into a stipulation, obtain an order, and then simply state that they no longer agree to the stipulation. Good cause is required." The court noted that "the central dispute in this case remains," i.e., "the details of the scope and precise location of the utility easements, [Estrellas's] access over Valley Heart's property, and the breach of any agreement regarding these issues." The court treated the motion as "essentially, a motion for reconsideration of the ruling on the ex parte application" (Code Civ. Proc.,[5] § 1008, subd. (a)), but found Estrellas had presented no " 'new or different facts, circumstances, or law.' "

The court also found Estrellas waived a bond. The court relied on Estrellas's failure to request a bond when the stipulated preliminary injunction was issued, its failure to request an undertaking for 14 months, and its failure to request it in its ex parte application.

The day before the hearing, both Estrellas and Valley Heart notified the court in writing that they accepted the court's tentative ruling denying the motion. The court accordingly

[5] Undesignated statutory references are to the Code of Civil Procedure.

4

adopted its tentative ruling and denied the motion.

DISCUSSION

*Appealability*

Valley Heart contends denial of a motion to withdraw consent to an injunction, to request a hearing on the injunction, and to require posting a bond is not appealable. We disagree.

An appeal may be taken "[f]rom an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction." (§ 904.1, subd. (a)(6).) The title of the motion is not controlling because "[t]he order [here] was, in substance, an order refusing to dissolve an injunction, and was therefore appealable." (*City and County of San Francisco v. Muller* (1960) 177 Cal.App.2d 600, 602.) The failure to require a bond was also appealable because it "affected the 'order' under review imposing a preliminary injunction." (*County of Los Angeles v. City of Los Angeles* (1999) 76 Cal.App.4th 1025, 1028.)

*Withdrawal of consent*

A preliminary injunction may be issued based on affidavits or declarations following a hearing. (§§ 527, subds. (a), (e), (f); 2015.5.) No hearing was required here because Estrellas consented to the issuance of the preliminary injunction. (See *Greenly v. Cooper* (1978) 77 Cal.App.3d 382, 385.)

Estrellas cites no authority to support its contention that 14 months after the trial court issued a stipulated injunction, it could unilaterally withdraw its consent and require Valley Heart to present evidence as if no injunction had been issued. A party may not " 'as a matter of right, withdraw from a stipulation.' " (*County of Sacramento v. Workers' Comp. Appeals Bd.* (2000) 77 Cal.App.4th 1114, 1120.)

Estrellas's application and motion noted that the county

5

rescinded its stop work order a few days before Valley Heart applied for the preliminary injunction. But Estrellas did not state when it had learned that information or why it waited over a year to raise it. Nor did Estrellas include a declaration of counsel claiming mistake, inadvertence, surprise, or neglect. (See § 473, subd. (b).) Because Estrellas did not show good cause, the trial court properly denied its motion to withdraw from the stipulation. (*County of Sacramento v. Workers' Comp. Appeals Bd.*, *supra*, 77 Cal.App.4th at p. 1121.)

*Change in circumstances*

Estrellas also contends changed circumstances compelled dissolution of the stipulated preliminary injunction. We are not persuaded.

The trial court has inherent power to vacate a preliminary injunction based on "a material change in the facts . . . or that the ends of justice would be served." (§ 533; *Union Interchange, Inc. v. Savage* (1959) 52 Cal.2d 601, 604–606.) "We review the trial court's order denying a motion to dissolve an injunction for an abuse of discretion." (*Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 366.) A trial court abuses its discretion if its decision " 'exceed[s] the bounds of reason.' " (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1449.)

Estrellas presented evidence of changed circumstances, including that the County of Santa Barbara rescinded its stop work order and approved construction of access and utility improvements. Valley Heart also admitted Estrellas had a right to easements. But Valley Heart presented conflicting evidence that no grading permit had been issued. The location and scope of the easements to which Estrellas would be entitled also remained unresolved. Because of the conflicting evidence and

6

unresolved issues, we conclude the trial court did not abuse its discretion.

Estrellas also contends the trial court erred by not holding an evidentiary hearing. The record does not support this contention. Following briefing and the submission of extensive exhibits, the court held a hearing on Estrellas's application to dissolve the injunction. The minute order states that counsel presented argument, but does not show that Estrellas sought to call witnesses or introduce additional documentary evidence. Estrellas later waived a hearing on its motion and submitted on the tentative ruling.

*City of Oakland v. Superior Court* (1982) 136 Cal.App.3d 565, upon which Estrellas relies, is inapposite. An evidentiary hearing was required there to *reinstate* a preliminary injunction after the final judgment vacating the injunction was reversed by the Supreme Court. (*Id.* at pp. 569–570.) *City of Oakland* does not require an evidentiary hearing on a motion to vacate a preliminary injunction. No error has been shown.

*Bond*

Estrellas contends the injunction was invalid because the court did not require Valley Heart to post a bond. It also contends the trial court erred by denying its motion to require a bond. We disagree with both contentions.

"On granting an injunction, the court or judge must require an undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined any damages, not exceeding an amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction. Within five days after the service of the injunction, the person enjoined may object

7

to the undertaking." (§ 529, subd. (a).)

A party may waive or forfeit the bond requirement. (*City of Los Angeles v. Superior Court* (1940) 15 Cal.2d 16, 23.) Waiver of a bond need not be explicitly stated orally or in writing, but may be inferred from a party's conduct. (*Smith v. Adventist Health System/West* (2010) 182 Cal.App.4th 729, 745.)[6] We review the existence of a waiver for substantial evidence. (*Id.* at pp. 745–746.)

Here, Estrellas did not object for more than a year. We conclude substantial evidence supports the conclusion that Estrellas waived or forfeited a bond. Estrellas stipulated to the preliminary injunction. The trial court properly considered that Estrellas consented to a preliminary injunction that did not include a bond (*Greenly v. Cooper*, *supra*, 77 Cal.App.3d at p. 385) and "the length of time which had elapsed during which no complaint was made by [Estrellas] concerning the lack of any bond." (*City of Los Angeles v. Superior Court*, *supra*, 15 Cal.2d at p. 23.)

### *Reconsideration*

The trial court treated Estrellas's motion to withdraw its consent to the stipulated preliminary injunction as a motion for reconsideration of the denial of Estrellas's ex parte application. (§ 1008, subd. (a); *City and County of San Francisco v. Muller*, *supra*, 177 Cal.App.2d at p. 603.) We review the trial court's

---

[6] In "a more technical and precise manner . . . the term 'waiver' refers to a party's intentional relinquishment or abandonment of a known right or privilege, while 'forfeiture' is used to refer to the loss of a right resulting from the failure to assert it in a timely fashion." (*Smith, supra,* 182 Cal.App.4th at p. 739, fn. 7.)

8

ruling on a motion for reconsideration for abuse of discretion. (*Dickson v. Mann* (2024) 103 Cal.App.5th 935, 951.)

Here, the substance of both Estrellas's application and motion was to set aside the preliminary injunction based in part on changed circumstances. The trial court had the authority to summarily deny the motion without further reconsideration, or reconsider the matter and deny it. (*Muller v. Tanner* (1969) 2 Cal.App.3d 445, 460–461.) Because the scope and location of the access and utility easements remained unresolved, the court did not abuse its discretion when it concluded that reconsideration was not warranted under section 1008.

## DISPOSITION

The judgment is affirmed. Valley Heart shall recover its costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

9

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Foley Bezek Behle & Curtis, Thomas G. Foley, Jr. and Aaron L. Arndt; Nixon Peabody, Michael J. Summerhill, Ethan E. Trull, Keith E. Edeus, Jr., Christina E. Kurow and Lauren Kim for Plaintiff and Appellant.

Price Postel & Parma, Timothy E. Metzinger and Todd A. Amspoker for Defendants and Respondents.