[No. C051148. Third Dist. Jan. 31, 2007.]

J. JAY TAMBURINA, Plaintiff and Appellant, v.
COMBINED INSURANCE COMPANY OF AMERICA et al., Defendants
and Respondents.

## Counsel

Wilcoxen, Callahan, Montgomery & Deacon, Gary Callahan, E. S. Deacon; Haley & Bilheimer, Allan S. Haley, John Bilheimer; Montague & Viglione and John D. Montague for Plaintiff and Appellant.

DLA Piper Rudnick Gray Cary, Margaret L. Parker, Rodney Sorensen, Kari S. Gregory and Jean M. Hobler for Defendants and Respondents.

## Opinion

**DAVIS, Acting P. J.**—Plaintiff J. Jay Tamburina (Tamburina) appeals from a judgment of dismissal for failing to bring his action to trial within the five-year statutory period. (Code Civ. Proc., §§ 583.310, 583.360.)[1]

We disagree with the trial court and conclude that Tamburina has cleared two of the three hurdles required to apply the impracticability (tolling) exception to the five-year requirement: (1) he has shown a circumstance of impracticability (lengthy illness) that (2) has a "causal connection" to his failure to move the case to trial. (§ 583.340, subd. (c) (hereafter, section 583.340(c)); *Sierra Nevada Memorial-Miners Hospital, Inc. v. Superior Court* (1990) 217 Cal.App.3d 464, 473 [266 Cal.Rptr. 50] (*Sierra Nevada*).)

The trial court has yet to determine whether Tamburina cleared the third and final hurdle: Was he reasonably diligent in prosecuting the case at all stages of the proceedings? Consequently, we reverse and remand for the trial

---

[1] Hereafter, undesignated section references are to the Code of Civil Procedure.

court to consider the issue of diligence, and this will determine whether the impracticability exception applies here.

BACKGROUND

On December 3, 1999, Tamburina sued his employer of 35 years, defendant Combined Insurance Company of America (and its alleged alter ego/parent, AON Corporation (hereafter Combined)), for age discrimination and tortious interference with stock option contracts.

The case proceeded through pleading, discovery and summary adjudication phases.

In January 2002, the trial court set a trial date for August 12, 2002.

Beginning in July 2002 and ending in June 2003, Tamburina and Combined entered into five stipulations (with accompanying orders) to continue the trial setting conference date and/or the trial date. This period of continuance encompassed 424 days. The first four of the stipulations were based on Tamburina's health; the fifth was based on the health of Tamburina's trial counsel.

In September 2003, the trial court granted Tamburina leave to file a second amended complaint. Combined answered that complaint in December 2003, and the case was again at issue.

In May 2004, Tamburina filed an at-issue memorandum.

In August 2004, the parties stipulated in writing pursuant to section 583.330, subdivision (a), to extend the time for bringing the case to trial to July 1, 2005.

In the summer of 2004, Tamburina requested a trial setting conference date, which the trial court in December 2004 slated for August 15, 2005.

According to Tamburina's opening brief, the "discrepancy [between the stipulated July 1, 2005, trial date extension and the August 15, 2005, trial setting conference date went] unnoticed by counsel." In late June 2005, Tamburina unsuccessfully attempted to obtain a stipulation extending the time in which to bring the matter to trial or, in the alternative, to set the case for trial by July 1, 2005.

Combined then moved successfully to dismiss Tamburina's action for failure to bring the case to trial within the five-year statutory period as extended by written stipulation.

This appeal ensued.

## DISCUSSION

### *Issues and Standard of Review*

The issues on appeal are whether Tamburina (1) demonstrated a circumstance of impracticability; (2) demonstrated a causal connection between that circumstance and failing to move the case to trial; and (3) if so, was reasonably diligent in moving the case to trial.

Although generally the determination whether prosecution of an action was impracticable is a matter within the trial court's discretion and subject to the abuse of discretion review standard, we do not apply this general rule here. This is because here the issue of demonstrating a circumstance of impracticability involves legal questions of evidentiary admissibility, and the issue of demonstrating a causal connection involves the legal question of the applicability of section 583.340(c) to undisputed facts, all of which we review independently. And the issue of reasonable diligence was not ruled upon. (See *Brown & Bryant, Inc. v. Hartford Accident & Indemnity Co.* (1994) 24 Cal.App.4th 247, 251–252 [29 Cal.Rptr.2d 144].)

### A.  *Circumstance of Impracticability*

■    As pertinent here, "[a]n action [must] be brought to trial within five years after [it] is commenced" unless "[b]ringing the action to trial . . . was impossible, impracticable, or futile." (§§ 583.310, 583.340(c), respectively.) The time during which one of these three conditions existed is excluded in computing the five-year period. (§ 583.340.)

As this court noted in *Sierra Nevada*, " '[t]he purpose of the [five-year] statute is "to prevent *avoidable* delay for too long a period." ' " (*Sierra Nevada, supra,* 217 Cal.App.3d at p. 472, original italics.) Because the five-year statute is designed to prevent *avoidable* delay, an exception to the statute is recognized where, due to circumstances beyond the plaintiff's control, moving the case to trial is impracticable for all practical purposes. (§ 583.340(c); see *Hughes v. Kimble* (1992) 5 Cal.App.4th 59, 67 [6 Cal.Rptr.2d 616] (*Hughes*).)

This does not mean, however, that every period of time during which it is impracticable for the plaintiff to bring the case to trial is to be excluded from the five-year computation. (*Sierra Nevada, supra*, 217 Cal.App.3d at p. 472.) For example, a plaintiff cannot literally bring the case to trial during the period in which the defendant has the right to answer. And in the course of five years, it is reasonable to expect that counsel will be away from his or her practice at various times due to illness, vacation and the like. (*Ibid.*) Under the five-year statutory deadline, these periods do not constitute circumstances of impracticability that must be excluded in computing the deadline. To read the scheme otherwise would render it "utterly indeterminate, subjective, and unadministerable, and thus absurd." (*Ibid.*) And as we explain in the next part of this opinion, the plaintiff must show a "causal connection" between the alleged circumstance of impracticability and the failure to move the case to trial. (*Id.* at p. 473.)

The plaintiff has the burden to prove a circumstance of impracticability. (*Central Mutual Ins. Co. v. Executive Motor Home Sales, Inc.* (1983) 143 Cal.App.3d 791, 796 [192 Cal.Rptr. 169].) Tamburina used the five stipulations noted above to meet this burden. The trial court found that Tamburina fell short because "a stipulation to continue a trial date [does not] warrant a finding that a tolling is either appropriate or required," and "[Combined] correctly assert[s] that [Tamburina] has failed to demonstrate with admissible evidence that bringing the matter to trial within the applicable period of time was impossible, impracticable or futile." We disagree.

■ As this court has recognized, a stipulation does not have to be justified, that is, based on evidence. A stipulation is an agreement between opposing counsel ordinarily entered into to avoid delay, trouble, or expense in the conduct of an action; it serves to obviate the need for proof or to narrow the range of litigable issues. A stipulation may lawfully include or limit issues or defenses to be tried, whether or not such issues or defenses have been pleaded. (*County of Sacramento v. Workers' Comp. Appeals Bd.* (2000) 77 Cal.App.4th 1114, 1118–1119 [92 Cal.Rptr.2d 290] (*County of Sacramento*); see also *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279 [26 Cal.Rptr.3d 831].)

Here, the first stipulation was entered into in July 2002 and concerned the trial date of August 12, 2002. Tamburina and Combined, "by and through their respective counsel, stipulate[d] as follows:

"1. Trial in this matter is currently set to commence on August 12, 2002;

"2. Tamburina's health is jeopardized by maintaining the current trial date as evidenced by his doctor's declaration which states that Tamburina is

suffering from an abdominal aortic aneurism indicating surgery, a true copy of which declaration is attached as Exhibit 'A';

"3. The parties agree that these circumstances warrant a continuance of the trial; and

"4. The current trial date and settlement conference date shall be continued and the matter shall be scheduled for a trial setting conference, which conference shall take place not earlier than September 1, 2002."

In the declaration attached to this stipulation, James Kiley, M.D., Tamburina's physician, stated: "Mr. Tamburina has been diagnosed as having an abdominal aortic aneurism indicating surgery. The exact date of surgery is unknown and is dependent on Mr. Tamburina's response to pre[]operative procedures. We anticipate that surgery will be performed in the next several weeks. It is my opinion that Mr. Tamburina cannot attend the trial as it is currently set as it would be too stressful to his current pre[]operative condition. Mr. Tamburina has been advised to avoid any events which may trigger increased heart rate or tension, as such activities place potentially dangerous stress on his aorta. It is my opinion that if the surgery takes place in August, the trial should not be scheduled before October 15, 2002, at the very earliest." Dr. Kiley signed this declaration under penalty of perjury but did not date it, although the declaration did specify the trial date of August 12, 2002.

The next three stipulations concerned Tamburina's physical health. They were filed with the court and entered as orders. Those three stipulations state, respectively: (1) "That the Trial Setting Conference currently scheduled for December 2, 2002[,] shall be continued to a date in January . . . 2003, due to [Tamburina's] physical health problems"; (2) "That the Trial Setting Conference currently scheduled for January 21, 2003[,] shall be continued to a date in late February . . . 2003, due to [Tamburina's] physical health problems. [Tamburina] has recently had a st[e]nt implanted for medical treatments and it is leaking. [Tamburina] is facing more surgery in the very near future"; and (3) "That the Trial Setting Conference currently scheduled for February 18, 2003[,] shall be continued to a date in late June . . . 2003, due to [Tamburina's] physical health problems. Counsel for [Tamburina] has recently been informed that specialists at Stanford University recommend waiting approximately three (3) months to determine whether [Tamburina] requires additional surgery."

That brings us to the fifth and final pertinent stipulation. It was also filed with the court and entered as an order. This one concerned the health of Tamburina's trial counsel. It stated: "[Tamburina] requests that the Trial Setting Conference currently scheduled for June 16, 2003[,] be continued to a

date in late September . . . 2003, due to Hartley T. Hansen's, [Tamburina's] trial counsel['s], physical health problems. Mr. Hansen became seriously ill last winter and underwent surgery approximately three (3) months ago. He remains seriously ill. At this point in time it is uncertain when, if ever, Mr. Hansen will be able to return to work. (The previous requests for a continuance were due to [Tamburina's] health.) Due to the uncertainties attendant to Mr. Hansen's health, [Tamburina] has begun seeking new counsel. [Tamburina] and prospective new counsel have begun discussions, but have not solidified representation. [¶] The parties, through counsel, hereby stipulate as follows: [¶] 1. The . . . Trial Setting Conference currently scheduled for June 16, 2003[,] shall be continued to a date in late September . . . 2003." (The trial setting conference was set by order for September 15, 2003.)

These five stipulations continued the trial setting conferences and/or the trial for a period of 424 days (July 18, 2002, to September 15, 2003). These stipulations concerned circumstances of illness; they were not written stipulations to extend the five-year trial deadline under section 583.330.

On several evidentiary grounds, Combined objected to these stipulations. The trial court agreed that Tamburina had "failed to demonstrate [impracticability] with admissible evidence." We find these stipulations legally sufficient to show a 424-day period of impracticability.

Combined argued that the stipulations concerning Tamburina's physical condition had no evidentiary value because they were not signed under penalty of perjury. But these documents are *stipulations*, and orders entered thereon. These stipulations are in proper legal form because they were agreements filed with the court clerk or entered upon the court minutes. (§ 283, subd. (1); see 1 Witkin, Cal. Procedure (4th ed. 1996) Attorneys, § 292, pp. 363–364.) And as stipulations, they embodied stipulated and conceded facts. (See *County of Sacramento, supra,* 77 Cal.App.4th at pp. 1118–1119; *Haese v. Heitzeg* (1911) 159 Cal. 569, 574–575 [114 P. 816].) As Combined itself acknowledges, the case it relies upon for this argument, *Beilenson v. Superior Court* (1996) 44 Cal.App.4th 944, 952–953 [52 Cal.Rptr.2d 357], concerned the evidentiary value of a *letter* that had not been signed under penalty of perjury.

Combined also noted that the declaration of Tamburina's physician attached to the first stipulation, although signed under penalty of perjury, was not dated as required by section 2015.5. But Combined, in that first stipulation, *stipulated* that "Tamburina's health is jeopardized by maintaining the

current trial date as evidenced by his doctor's declaration which states that Tamburina is suffering from an abdominal aortic aneurism," and that "[t]he parties agree that these circumstances warrant a continuance of the trial . . . ." (See *Exley v. Exley* (1951) 101 Cal.App.2d 831, 833, 836 [226 P.2d 662] [in a child custody proceeding, the father could not successfully urge that a probation officer's report involving the suitability of the mother's home was not a verified report and therefore was inadmissible and incompetent evidence where it was stipulated that the report might be sent in and acted on without further proceedings].)

Combined further claimed that the representations concerning Tamburina's physical condition were conclusory and without foundation, and thus legally inadmissible. We disagree. The first stipulation detailed Tamburina's serious physical ailment, and the next three stipulations obviously referred to that condition, adding relevant medical facts as they occurred. These stipulations were based on medical data and specified, to the extent they could, the time, extent and duration of Tamburina's prolonged illness. (Contra, *Anderson v. Erwyn* (1966) 247 Cal.App.2d 503, 506 [55 Cal.Rptr. 634] [a counsel's declaration that he did " 'not set the matter for trial due to the fact that plaintiff [had] suffered a severe heart attack and [w]as not . . . available for trial' " was deemed "unsupported" because counsel presented "no medical data and specified no time, extent or duration of plaintiff's alleged attack"].)

Combined similarly objected that the stipulation involving the health of Tamburina's trial counsel—i.e., the fifth in the series of stipulations at issue—was conclusory and without foundation. It is true that this stipulation, unlike those involving Tamburina, does not specify the health condition at issue and does not present medical data. But the stipulation is specific regarding the severity of the illness, its onset, the necessity of surgery, and the extent or duration of it.

Combined also argued that the stipulations constituted improper lay opinion. But the stipulations are just that, stipulations, not lay opinion.

As noted, a stipulation does not have to be justified, that is, based on evidence, and a stipulation often serves to obviate the need for proof. (*County of Sacramento, supra,* 77 Cal.App.4th at p. 1118.) In light of these principles, the stipulations at issue here were sufficient to establish a 424-day period of impracticability, and the trial court erred in deeming them inappropriate and inadmissible evidence.

Finally, Combined complains on appeal that "Tamburina seeks to convert the extensions of professional courtesy which contain only generalizations about Tamburina's illness, into binding admissions by Combined that it was

impossible, impracticable or futile to bring this case to trial within the five-year life of the case." As we have seen, however, the stipulations at issue were not just transitory, vague professional courtesies directed Tamburina's way. These stipulations involved: (1) a serious, specified and monitored illness involving Tamburina in which medical opinion concluded that he could not attend trial; (2) a repeated and uninterrupted continuance of the trial setting conference and/or the trial date that stretched on for nearly a year based on this illness; and (3) no evidence to dispute them. Given this context of stipulation, it cannot be said that Tamburina took unfair advantage of Combined's mere professional courtesies. Combined was made well aware of the seriousness, lengthy duration and trial date juxtaposition of Tamburina's illness (and that of his trial counsel). Combined entered the stipulations with its eyes open; it could have specified, somewhere along this lengthy line, that one or more of the stipulations would not affect the running of the five-year trial deadline.

We now turn to the issue of whether there is a causal connection between this circumstance of impracticability and Tamburina's failure to move the case to trial so as to establish impracticability under section 583.340(c).

### B.  *Causal Connection*

■  A circumstance of impracticability will not toll the statutory five-year deadline unless the plaintiff shows a "causal connection" between the circumstance and moving the case to trial. (*Sierra Nevada, supra,* 217 Cal.App.3d at pp. 471, 473–474.)

This court's decision in *Sierra Nevada* is the seminal pronouncement on this causation requirement. And *Sierra Nevada* concerned illness as the circumstance of impracticability. As we explained there: "The text of section 583.340[(c)] impels the view that there must be a causal connection between the circumstance upon which plaintiff relies and the failure to satisfy the five-year requirement. Bringing the action to trial must be impossible, impracticable, or futile for the reason proffered. . . . [¶] A bare showing that a counsel was ill does not warrant the attribution of such causation. Two kinds of circumstance occur to us in which it may be appropriate to say that the illness o[f] counsel has *caused* the plaintiff to fail to bring the case to trial in compliance with the five-year requirement. The first is when an illness of counsel occurs at the end of the five-year period in circumstances in which it is likely that counsel, but for the illness, would have become aware of the impending deadline and taken the appropriate action to avert the transgression. The second is an unusually lengthy illness of sole counsel which

deprives the plaintiff of a substantial portion of the five-year period for prosecution of the lawsuit, i.e., trial preparation and moving the case to trial." (*Sierra Nevada, supra*, 217 Cal.App.3d at p. 473, original italics, fn. omitted.)

As explicitly recognized in *New West Fed. Savings & Loan Assn. v. Superior Court* (1990) 223 Cal.App.3d 1145 [273 Cal.Rptr. 37] (*New West*), the decision in "*Sierra Nevada* does *not* hold that before the period of impracticability can be tolled it must be shown that, but for the impracticability, plaintiffs would have brought the case to trial within the five-year period. . . . [T]he one change in the law [effectuated by section 583.340(c), which was enacted in 1984] is that the impracticability period does *not* have to be the [but for] cause for the [failure to meet the five-year deadline]. The cases so holding were overruled [e.g., *Brown v. Superior Court* (1976) 62 Cal.App.3d 197 [132 Cal.Rptr. 916]; *State of California v. Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650]." (*New West, supra*, 223 Cal.App.3d at p. 1155, original italics.)

■ *New West* continued: "While *Sierra Nevada* did discuss causation principles, said principles were deemed applicable only with respect to whether the claimed disability due to illness constituted impracticability in the first instance. It did not hold that the period of impracticability had to be the cause for not bringing the case to trial on time." (*New West, supra*, 223 Cal.App.3d at pp. 1155–1156; see *Sierra Nevada, supra*, 217 Cal.App.3d at pp. 470–471; Revised Recommendation Relating to Dismissal for Lack of Prosecution (June 1983) 17 Cal. Law Revision Com. Rep. (1984) pp. 905, 936 [Law Revision Commission com. regarding § 583.340: "Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial," overruling *Brown* and *State of California*. (As we shall see in the next part of this opinion, however, the requirement that a plaintiff exercise reasonable diligence at all stages of the proceedings must still be met to apply the impossibility, impracticability or futility exception to the five-year deadline.)]; see also *Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1289–1290 [279 Cal.Rptr. 488] (*Wilshire*).)

In its ruling granting Combined's motion to dismiss for failure to bring the action to trial within the five-year period, the trial court stated: "The issue here is not whether [Tamburina] acted diligently; the issue is whether [Tamburina] has shown a causal connection between the circumstance upon which he relies and the failure to satisfy the five-year requirement. As in

*Sierra Nevada . . .* , there is no basis in [Tamburina's] evidence for an inference that but for his own and counsel's illnesses the matter would have gone to trial within the five-year period. There is no showing that either illness hindered the preparation of the case for trial. Indeed, the record shows that those illnesse[s] had resolved prior to the September 1[5], 2003[,] trial setting conference . . . . Nothing thereafter impeded the progress of the case except inattention."

◼ As we explained in *Sierra Nevada*, the "causal connection" required between a circumstance of illness and the failure to satisfy the five-year requirement—to establish impracticability—includes the concept that "but for" the illness, the five-year deadline would have been met. But the "causal connection" requirement to establish impracticability is also met if "an unusually lengthy illness" deprives the plaintiff of a "substantial portion" of the five-year period for prosecuting the lawsuit—"i.e., trial preparation and moving the case to trial," even if there is ample time after the period of impracticability in which to go to trial. (*Sierra Nevada, supra*, 217 Cal.App.3d at p. 473; see *New West, supra*, 223 Cal.App.3d at p. 1155; see also *Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1271–1273 [135 Cal.Rptr.2d 869].)

The trial court's ruling on causal connection focused on the "but for" strand of causation and the length of time left to bring the case to trial after the illnesses resolved without fully recognizing the alternative strand of causation under *Sierra Nevada* at play here: an unusually lengthy illness that deprives the plaintiff and his counsel of a substantial portion of the five-year period for moving the case to trial. (*Sierra Nevada, supra*, 217 Cal.App.3d at p. 473.)

Pursuant to the stipulations discussed in the preceding section of this opinion, the parties stipulated that "Tamburina's health [was] jeopardized by maintaining" the trial date of August 12, 2002, stipulated "that these circumstances warrant a continuance of the trial," and stipulated repeatedly thereafter over a period that continued to June 2003 that several scheduled trial setting conferences had to "be continued . . . due to [Tamburina's] physical health problems." And then in June 2003 Tamburina's trial counsel was seriously ill, which prompted another stipulation that continued the trial setting conference to September 2003. These stipulations evidenced "unusually lengthy illness[es]" which "deprive[d] [Tamburina] of a substantial portion of the five-year period [424 days] for prosecution of the lawsuit, i.e., . . . moving the case to trial." (*Sierra Nevada, supra*, 217 Cal.App.3d at p. 473.)

■ We conclude that Tamburina established a 424-day period of impracticability—based on his illness and that of his trial counsel—that had a "causal connection" to his failure to satisfy the five-year requirement. (*Sierra Nevada, supra,* 217 Cal.App.3d at pp. 473–474.) Moving the case to trial was impracticable during this lengthy period for the reason proffered—the illnesses. (*Id.* at p. 473.)

## C. *Reasonable Diligence*

We have concluded that Tamburina has shown a circumstance of impracticability and a causal connection between that circumstance and moving the case to trial. One final factor for the impracticability exception to apply is that Tamburina must show that he exercised "reasonable diligence" in prosecuting the case. The trial court did not make a finding concerning the issue of reasonable diligence. As the trial court put it, "[t]he issue here [was] not whether [Tamburina] acted diligently; the issue [was] whether [Tamburina] . . . show[ed] a causal connection . . . ."

■ Because the purpose of the five-year statute for bringing a case to trial is to prevent *avoidable* delay for too long a period, the "critical factor" as to whether the impracticability exception applies to a given factual situation is whether the plaintiff has exercised "reasonable diligence" in prosecuting his or her case. (*Hughes, supra,* 5 Cal.App.4th at p. 67; *Moran v. Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216]; see *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 438 [41 Cal.Rptr.2d 362, 895 P.2d 469].) This duty of diligence applies "at all stages of the proceedings," and the level of diligence required increases as the five-year deadline approaches. (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340 [242 Cal.Rptr. 538]; see *Wilshire, supra,* 228 Cal.App.3d at p. 1287.) The exercise of reasonable diligence includes a duty "to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred." (*Wilshire, supra,* 228 Cal.App.3d at p. 1287; see 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 379, pp. 781–782.)

As noted, the trial court did not make a finding whether Tamburina exercised reasonable diligence during all stages of the proceedings, with the twist that the level of diligence required increases as the five-year deadline approaches. We must remand for the trial court to make this finding. (See *Hocharian v. Superior Court* (1981) 28 Cal.3d 714, 721–723 [170 Cal.Rptr. 790, 621 P.2d 829] [remand required for factual finding regarding reasonable diligence in context of impossibility, impracticability and futility].)

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court to determine the issue of Tamburina's reasonable diligence and to rule on Combined's motion to dismiss in light of that determination. Tamburina is awarded his costs on appeal.

Nicholson, J., and Morrison, J., concurred.

A petition for a rehearing denied February 28, 2007, and appellant's petition for review by the Supreme Court was denied April 18, 2007, S150927. George, C. J., did not participate therein.