Filed 7/25/13  Pambid v. Gamino CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LARRY PAMBID,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GUADALUPE GAMINO,<br><br>    Defendant and Respondent. | A135510<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-06-450119) |

Larry Pambid appeals a judgment dismissing his legal malpractice action against Guadalupe Gamino entered on an order to dismiss for failure to prosecute pursuant to Code of Civil Procedure[1] section 583.310.  We affirm.

## I. BACKGROUND

In 2003, Pambid and his grandfather, George Pambid, retained Gamino to draft a living trust and grant deed for purposes of transferring George's interest in certain real property to Pambid.  Gamino allegedly failed to record the deed before George died, which resulted in Pambid having no ownership interest in the real property.  In March 2006, Pambid filed a complaint for damages against Gamino, alleging legal malpractice.

In October 2007, the court granted Pambid's request for entry of default against Gamino.  In December 2007, following a default prove-up hearing, the court entered a default judgment against Gamino in favor of Pambid in the amount of $279,168.79.  Thereafter, in June 2008, Gamino moved to set aside the default judgment, which the

---

[1]     All further undesignated statutory references are to the Code of Civil Procedure.

1

court granted in July 2008. The court directed Gamino to prepare the order granting the motion to set aside the default judgment.

Over the course of the next several months, Gamino refused to comply with Pambid's discovery requests, which resulted in a successful motion to compel by Pambid in November 2008 and sanctions against Gamino in July 2009. Meanwhile, Gamino had failed to comply with the trial court's July 2008 directive to prepare the order granting the motion to set aside the default judgment. Finally, in November 2009, Pambid took it upon himself to prepare and file the order granting the motion to set aside the default.[2]

In December 2009, Gamino answered the complaint and also filed a cross-complaint for indemnity against Kevin Ford, alleging that Gamino had retained Ford's services with respect to the creation of the trust and recording of the grant deed. Following an unsuccessful demurrer, cross-defendant Ford answered the cross-complaint in January 2011.

In August 2011, Gamino filed a motion to dismiss under section 583.310 for failure to bring the matter to trial within five years after the action was commenced. The court granted the unopposed motion on August 31. In October 2011, Pambid moved to set aside the dismissal, alleging that Gamino never served him with the motion to dismiss and failed to send him a notice of entry of the order granting dismissal. The court granted Pambid's motion to set aside the dismissal in November 2011. Thereafter, in December 2011, Pambid filed a motion for an order advancing the case for trial. In the accompanying declaration, Pambid's attorney averred that the five-year dismissal statute would run in December 2012 and that the matter must come to trial before that date. In an amended declaration filed in January 2012, Pambid's attorney advised the court that he had recalculated the timeframe and that the five-year dismissal would run on May 6,

---

[2]    In October 2009, prior to filing the order, Pambid's attorney prepared a draft order and sent it to Gamino in September 2009; Gamino, however, never responded to Pambid's letter.

2

2012.  On January 19, the court notified the parties that a court trial would commence on April 9, 2012.

In February 2012, based on the parties' stipulation, the court granted an order to sever the cross-complaint.  Then, in March 2012, Gamino filed a second motion to dismiss the complaint for failure to bring the action to trial within five years of the commencement of the action.  On March 29, the court exercised its discretion to grant the motion to dismiss, finding that after considering the periods when the action was tolled due to impossibility— i.e., the time when the default and default judgment were in effect (October 31, 2007 through July 31, 2008,) and the time when the dismissal was in effect (August 31, 2011 through November 17, 2011)—the deadline for commencing trial was February 22, 2012.  In so ruling, the court explained that Pambid "failed to show that any further tolling is warranted or that there is any basis for an estoppel."  The action was dismissed and the instant appeal followed.

## II. DISCUSSION

Pambid contends the five-year limitation period did not bar his action because the trial court miscalculated periods during which bringing the action to trial was impossible, impracticable, or futile.  Pambid further contends Gamino's conduct throughout the litigation formed the basis for waiver and estoppel.

### A.    *Applicable Law and Standard of Review*

Section 583.310 provides that an "action shall be brought to trial within five years after the action is commenced against the defendant."  The five-year period may be extended by written stipulation or oral agreement made in open court. (§ 583.330.)  Also, the five-year period is tolled while (1) the jurisdiction of the court is suspended, (2) the action has been stayed or enjoined, or (3) bringing the action to trial is impossible, impracticable, or futile.  (§ 583.340.)  " ' "[T]he purpose of the [five-year] statute is 'to prevent *avoidable* delay for too long a period.' " ' "  (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328 (*Tamburina*).)  If the action is not brought to trial in the time prescribed by statute, it "shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties."  (§ 583.360, subd. (a).)

3

Notwithstanding the mandatory language in the statute, the determination of whether the prosecution of an action was indeed impossible, impracticable, or futile during any period of time, and hence, the determination of whether the impossibility exception to the five-year statute applies, is a matter within the trial court's discretion. Such determination will not be disturbed on appeal absent an abuse of discretion. (*De Santiago v. D & G Plumbing, Inc* . (2007) 155 Cal.App.4th 365, 371 (*De Santiago*); *Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1271 (*Sanchez*).) In contrast, the statute's application to undisputed facts we review de novo. (*Tamburina, supra,* 147 Cal.App.4th at p. 328.)

## B.      Calculation of the Five-Year Limitation Period

Pambid argues that the five-year statute was tolled for approximately four and half years because of defendant's evasive conduct: three years and nine months from March 2006 (the date the complaint was filed), through December 2009 (the date Gamino answered the complaint),[3] and nine months from August 2008 (the date Pambid propounded his discovery requests), and May 2009 (the date Gamino served his responses).

Not every period of time during which it is impossible, impracticable, or futile for a plaintiff to bring the case to trial actually tolls the running of the five-year period. (*Tamburina, supra,* 147 Cal.App.4th at p. 329; *Sanchez, supra,* 109 Cal.App.4th at p. 1270.) Rather, a plaintiff seeking to invoke the tolling provision of section 583.340 for impossibility, impracticability, or futility bears the burden of showing "(1) a circumstance of impracticability; (2) a causal connection between that circumstance and the plaintiff's failure to move the case to trial; and (3) that the plaintiff was reasonably diligent in moving the case to trial." (*De Santiago, supra,* 155 Cal.App.4th at p. 372, quoting *Tamburina, supra,* 147 Cal.App.4th at pp. 328-329, 333, 336; see also *Howard v.*

---

[3]      Alternately, Pambid suggests that even if looking solely at the period of time between the date Gamino was served (September 2007), and the date he answered the complaint (December 2009), it was still a sizable amount of time (two years, three months) in which the statute of limitations was tolled.

*Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 432 [discussing prior case in which court found party "to have been reasonably diligent, and therefore within the 'impossible, impracticable, or futile' exception"].)

Some courts have described " ' "*whether the plaintiff exercised reasonable diligence in prosecuting its case*" ' " as " ' "*[t]he critical factor*" ' " in assessing what is impossible, impracticable, or futile. (*Sanchez, supra,* 109 Cal.App.4th at p. 1270, quoting *Moss v. Stockdale, Peckham & Werner* (1996) 47 Cal.App.4th 494, 502 [" 'reasonable diligence alone is not sufficient to protect a party from an involuntary dismissal; rather, reasonable diligence constitutes a guideline by which to assess the existing exceptions of impossibility, impracticability, or futility' "].)

A plaintiff seeking to toll the five-year rule based on impossibility, impracticality, or futility must show he has "exercise[d] reasonable diligence *at all stages of the proceedings* " and the level of diligence required increases as the five-year deadline approaches. (*Tamburina, supra,* 147 Cal.App.4th at p. 334, italics added; *Sanchez, supra,* 109 Cal.App.4th at p. 1270.)

Applying these principles, the trial court was within its discretion to reject Pambid's claim that it was impossible, impracticable, or futile for him to bring the case to trial within the five-year period because of Gamino's conduct.

### 1. Time Between Complaint and Answer

Although the complaint was filed in October 2006 and Gamino did not answer until December 2009, Pambid, contrary to his suggestion, was not entitled to toll the limitations period for three years and nine months. First, the trial court already excluded the nine-month period in which the default judgment was in effect (October 2007 through July 2008). Pambid may not count this period twice. Second, although plaintiff attempts on appeal to lay at defendant's feet the responsibility for the delay, he cannot escape the fact that he, not defendant, was responsible for moving the matter toward trial. Nor has he demonstrated here that he exercised the requisite diligence at all stages of the proceedings. While it was Gamino's responsibility to draft the order setting aside the default judgment, once the order—which effectively resuscitated the lawsuit—was not

5

forthcoming, Pambid as the proponent of the action was responsible for moving the matter forward. Pambid, however, waited two to three months before taking any action. Once the order dismissing the default judgment was filed, Gamino timely answered the complaint. There was no abuse of discretion here.

### 2. *Time Elapsed For Discovery*

Equally without merit is Pambid's claim that Gamino's conduct during discovery entitled him to add nine months to the applicable tolling period. "Generally, delays encountered in discovery are part of the 'normal delays involved in prosecuting lawsuits' and do not excuse failure to bring a case to trial within the five-year limit." (*Bank of America v. Superior Court* (1988) 200 Cal.App.3d 1000, 1016.) It is Pambid's burden to show it was impossible, impracticable, or futile to proceed to trial without the delayed discovery. (*Ibid.*) He has not even attempted to do so. Consequently, he fails to meet his burden of establishing, either as a matter of law or as a question of fact, that any limitation on the conduct of discovery was responsible for his failure to bring his case to trial within the limitations period.

## C. *Equitable Estoppel and Waiver*

Pambid next argues that Gamino was barred from seeking dismissal of the action under the doctrines of waiver and equitable estoppel. We address each claim in turn.

### 1. *Waiver*

Pambid urges that Gamino agreed to waive the five-year statute by stipulating to sever his cross-complaint from the main action and by agreeing to set a trial date beyond the applicable limitations period. This assertion is supported neither in fact nor in law. Pursuant to section 583.330, "The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means: [¶] (a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal. [¶] (b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made."

6

Here, nothing in the record suggests that Gamino agreed to extend the time for trial on the complaint. Moreover, a cross-complaint is treated as a separate action with its own five-year deadline, commencing when the original cross-complaint is filed. (See § 583.110; *General Motors Corp. v. Superior Court of Los Angeles County* (1966) 65 Cal.2d 88, 93 [discussing former section 583]); *Tomales Bay etc. Corp. v. Superior Court* (1950) 35 Cal.2d 389, 393; *Bradley v. Breen* (1999) 73 Cal.App.4th 798, 803.)

Manifestly, severing a cross-complaint is neither a written stipulation nor an oral agreement made in open court to extend the time of trial on the complaint. Pambid's efforts to convince us otherwise are unpersuasive.

2. *Equitable Estoppel*

The doctrine of equitable estoppel is applicable to section 583.310 dismissal motions. (*Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 438; *Griffis v. S .S. Kresge Co.* (1984) 150 Cal.App.3d 491, 498.) If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel is available to prevent a defendant from profiting from his deception. (*Griffis, supra,* at pp. 498-499; *Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281.) Equitable estoppel can be found only when (1) the party to be estopped was aware of the true facts; (2) that party either intended that its act or omission be acted upon, or so acted that the party asserting estoppel has a right to believe it was intended; (3) the party asserting estoppel was unaware of the true facts; and (4) the party asserting estoppel relied on the other party's conduct to its detriment. (*Lusardi Construction Co. v. Aubry* (1992) 1 Cal.4th 976, 994.)

Here, the record contains no evidence that Gamino made any representations to Pambid concerning the calculation of the five-year period or that he would agree to an extension of the five-year period. Although Pambid cites to Gamino's various "attempts to delay and . . . 'run out the clock,' " Pambid has failed to demonstrate how any of this conduct would have lulled him into a reasonable false sense of security.

We conclude the trial court acted well within its discretion in finding no basis for extending the tolling periods based on Gamino's conduct.

## III. DISPOSITION

The judgment of dismissal is affirmed.  Respondent Gamino is entitled to recover his costs on appeal.

_____
REARDON, J.

We concur:

_____
RUVOLO, P. J.

_____
RIVERA, J.

8