Filed 7/28/22  American Express Bank v. C. D. Rowsell CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AMERICAN EXPRESS BANK, FSB, et al.,<br><br>        Plaintiffs, Cross-defendants, and Respondents,<br><br>v.<br><br>C. D. ROWSELL,<br><br>        Defendant, Cross-complainant, and Appellant. | A163660<br><br>(San Mateo County Super. Ct. No. CIV501187) |

Plaintiff American Express Bank, FSB (American Express) brought a collection action against C.D. Rowsell and Rowsell's company, Bosonda International Ltd. (Bosonda).  In response, Rowsell and Bosonda asserted individual and class cross-claims against American Express and several related entities for allegedly unconscionable and unenforceable arbitration provisions in the bank's cardmember agreements.  Early in the proceedings, at a case management conference, the trial court ordered cross-complainants' motion for class certification to proceed "before any adjudication on the substantive merits."  At a later case management conference, the trial court purportedly refused to sever the collection claims and set a date for trial.

1

After several years of appeals from denial of the class certification motion, the trial court set an order to show cause (OSC) why the action should not be dismissed for failing to bring it to trial within five years (Code Civ. Proc., §§ 583.310, 583.360),[1] but later vacated the OSC upon finding that the "case management judge . . . frustrated" the parties' ability to bring their claims to trial.

Thereafter, the trial court granted cross-defendants' summary judgment motion as to American Express's collection claims and cross-complainants' declaratory relief claim. Rowsell appeals from the resulting judgment, arguing that the trial court should have dismissed the collection action under sections 583.310 and 583.360, and that there is a triable issue of material fact regarding the declaratory relief cross-claim. We disagree and affirm the judgment.

## BACKGROUND

### A. Factual and Procedural History

In December 2010, American Express initiated a collection action against Rowsell for unpaid charges on his American Express credit card. American Express later amended its complaint to add claims related to two business accounts held by Rowsell, and it also named Bosonda as an additional defendant. Rowsell is allegedly the president and majority shareholder of Bosonda.

In February 2011, Rowsell filed a cross-complaint against American Express Travel Related Services Company, Inc.; American Express Centurion

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Bank; and American Express Bank, FSB (collectively, cross-defendants[2]), alleging that the arbitration provision in the parties' cardmember agreement was unconscionable and unenforceable. Rowsell also filed a motion to "compel" arbitration.

A few months later, the trial court struck the motion to compel arbitration as a "sham," finding that Rowsell's intent in filing the motion was not to compel arbitration, but to have the trial court determine the arbitration provision was unconscionable and deny the motion on that ground.

In May 2012, Rowsell, together with Bosonda as an additional cross-complainant, filed the operative first amended cross-complaint (FACC), asserting against cross-defendants six claims for violations of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) (UCL) and a declaratory relief claim based on the alleged unconscionability and unenforceability of the arbitration provision in American Express card member agreements and in its terms and conditions. Cross-complainants brought the first, third, and fifth UCL causes of action and the seventh cause of action for declaratory relief as individual and class claims.

**B. September 2012 Case Management Conference and Case Management Order (CMO) No. 10**

In September 2012, the trial court sustained without leave to amend cross-defendants' demurrer to the second, fourth, and sixth causes of action in the FACC. It overruled the demurrer to the remaining claims in the

---

[2] This includes American Express Company, which Rowsell and Bosonda named as an additional cross-defendant in their operative first amended cross-complaint.

FACC, but it noted that cross-defendants had provided evidence that Bosonda was not in good standing with the State of California.

At the case management conference the following day, the court and the parties discussed the matter of Bosonda's standing. Cross-defendants also contested cross-complainants' standing to sue under Business and Professions Code section 17200. The court decided in its CMO No. 10 that "Cross-Complainants' standing to proceed on the claims will be adjudicated prior to class certification, and then the motion for class certification will proceed before any adjudication on the substantive merits." The court further ordered cross-defendants to file a summary adjudication motion as to the issue of cross-complainants' standing to sue.

In May 2013, the trial court granted cross-defendants' summary adjudication motion as to the first, third, and fifth causes of action in the FACC, finding that cross-complainants had no standing to sue because they had not suffered an "injury in fact," as required for UCL claims. It denied the motion as to the seventh cross-cause of action for declaratory relief, rejecting cross-defendants' argument that this claim was duplicative of the UCL cross-claims.

### C. April 2013 to December 2018: Cross-complainants' Class Certification Motion and Their First Appeal

In April 2013, cross-complainants moved for class certification on their sole remaining cross-claim for declaratory relief. The trial court denied the motion in May 2014. Cross-complainants appealed the denial the following month.

During the first year of the appeal, cross-complainants requested, and the appellate court granted, three extensions for filing an opening brief, which cross-complainants filed in February 2015. The appeal was fully briefed by September 2015.

4

In January 2016, the parties requested oral argument, but the appellate court declined to set a date for oral argument that would occur before the end of November 2017. The court later scheduled oral argument for February 2018.

After cross-complainants' attorney passed away in early 2018, the appellate court continued oral argument to a later date. Cross-defendants informed cross-complainants of their obligation to immediately retain new counsel.

In April 2018, after cross-complainants failed to obtain counsel, cross-defendants moved to dismiss the appeal. Cross-complainants subsequently sought, and obtained, an extension for appointing new counsel, which they did in July 2018.

On the appellate court's own motion, the oral argument hearing was continued to September 2018. In October 2018, after oral argument, the appellate court reversed the order denying cross-complainants' motion for class certification and remanded for further proceedings.

### D. December 2018 to June 2019: Cross-complainants' Amended Motion for Class Certification and the August 2019 Case Management Conference

After the appellate court issued the remittitur in December 2018, cross-complainants filed an amended motion for class certification, which the trial court denied in April 2019.

A couple of months later, in June 2019, cross-defendants stated in their case management statement that they intended to file for summary judgment of its collection claims "[i]n light of the resolution of the class certification proceedings." They also requested that the court sever the collection claims from the declaratory relief cross-claim and set a date for trial.

5

At the August 2019 case management conference, the trial court "declined to act on the requests American Express made in its case management statement," and it continued subsequent case management conferences to December 2020.

**E. June 2019 to January 2021: Cross-complainants' Second Appeal**

In June 2019, right before the August 2019 case management conference, cross-complainants filed an appeal from the second class certification denial.

During the appeal, cross-complainants requested and received four extensions to file an opposition to cross-defendants' motion for summary affirmance. The court denied the motion. Cross-complainants thereafter failed to file an opening brief despite two extensions, which cross-defendants had opposed, resulting in the court dismissing the appeal for failure to prosecute. The court issued the remittitur in January 2021.

After the appellate court dismissed the appeal, cross-defendants renewed their request for a trial date in their case management statements, and in May 2021, they moved for summary adjudication of the collection claims and of the remaining cross-claim for declaratory relief. A few weeks later, the trial court set a bench trial for October 2021.

**F. The Order to Show Cause Per Section 583.310**

In July 2021, the trial court, on its own motion, issued an OSC under section 583.310, which requires an action be brought to trial within five years after the action is commenced. The OSC stated, "This court is unaware of any tolling agreements between the parties, nor stipulations for stay or any stay orders issued by this court" or "an impediment to plaintiff proceeding with adjudication of its collection action."

In its return to the OSC, cross-defendants contended that the time spent on cross-complainants' two appeals should be tolled under section

6

583.340, subdivision (c), bringing the October 2021 trial date within the five-year rule. They reasoned that in 2012, the trial court had ordered the class certification motion to proceed before any adjudication on the substantive merits, making trial "impracticable" until the class certification issues were resolved. Cross-complainants did not file a response to the OSC.

At the OSC hearing the following month, the trial court stated it "fully expected that this [action] would be adjudicated" because "[t]he only thing that was on appeal was denial of class certification." However, it "found interesting that [cross-defendants'] response to the OSC said that [they] went to case management and the case management judge . . . refused to sever [the] collection case and refused to set it for trial." That was the "critical piece," the court reasoned, because the case management judge "completely frustrated and made impossible" the parties' ability to go to trial. Accordingly, the trial court vacated the OSC and allowed the litigation to proceed.

### G. Cross-defendants' Summary Judgment Motion

In cross-defendants' summary judgment motion, American Express argued that it was entitled to summary judgment on its collection claims because the material facts establishing those claims were undisputed. American Express and the other cross-defendants also argued that they were entitled to summary adjudication on cross-complainants' declaratory relief claim. As pertinent here, they contended that declaratory relief was not "necessary or proper" because a determination of the enforceability of the arbitration provision "would have no practical consequences." The parties' contractual relationship ended more than 10 years ago, and American Express never sought to enforce the arbitration provision to arbitrate its

7

collection claims.  Based on those same facts, cross-defendants further argued that there was no "actual dispute" regarding the arbitration provision.

In September 2021, after it had vacated the OSC, the trial court granted cross-defendants' summary judgment motion.  Regarding the declaratory relief claim, the trial court found it was based on the theory that cross-complainants "are harmed by the fact that they cannot force American Express to arbitrate their collection claims," yet there was no evidence that they sought to arbitrate the collection claims or that American Express ever tried to force arbitration of those claims.  It thus found that the alleged dispute regarding the enforcement of the arbitration provision was not "ripe" and would not have practical consequences "in terms of altering the parties' behavior."  Moreover, "no purpose [would be] served to the public either by proceeding with" the declaratory relief claim, the court explained, because the evidence shows that American Express changed the language of its arbitration provision in 2013.

Rowsell appeals from the resulting judgment.[3]

## DISCUSSION

### 1. Dismissal of American Express's Collection Claims

Rowsell contends the trial court was required to dismiss American Express's collection claims under sections 583.310 and 583.360 and, consequently, its motion to summarily adjudicate those claims.  But he fails to meet his burden to affirmatively demonstrate error.  (See *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)

Sections 583.310 and 583.360, subdivision (a), establish the general rule that a civil action must be brought to trial within five years or it will be dismissed.  However, because the purpose of the dismissal statute is to

---

[3] Bosonda did not appeal from the judgment.

8

prevent "avoidable delay" (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328), this rule is subject to several statutory exceptions, including an exclusion from the five-year period of any time during which "[b]ringing the action to trial . . . was impossible, impracticable, or futile" (§ 583.340, subd. (c)). Here, the trial court vacated the OSC after finding that the case management judge "completely frustrated" and "made impossible" the parties' ability to bring their claims to trial. Although the record does not reflect an express finding that section 583.340, subdivision (c) applies to this case to toll section 583.310, such a finding is implicit and can be inferred from the record. (See *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631 [ambiguities in the record are resolved in favor of affirmance].) Rowsell therefore has the burden of showing the trial court erred in tolling section 583.310 pursuant to section 583.340, subdivision (c).

What is impossible, impracticable, or futile under that section must be determined in light of all the circumstances in the matter, including the acts and conduct of the parties and the nature of the proceedings. (*Moran v. Superior Court* (1983) 35 Cal.3d 229, 238.) It is not limited to "objective impossibility in the true sense." (*Christin v. Superior Court* (1937) 9 Cal.2d 526, 533.) The critical factor in applying this exception to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case. (*Moran v. Superior Court*, at p. 238.) Section 583.340 must be construed liberally, consistent with the policy favoring trial on the merits. (*Fidelity National Home Warranty Co. Cases* (2020) 46 Cal.App.5th 812, 837.)

Appellate review of a trial court's determination of whether section 583.310 was tolled for impossibility, impracticability, or futility is limited because "trial courts are best equipped to evaluate the complicated factual

9

matters that could support such a finding." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 324.) We therefore review the trial court's tolling decision for abuse of discretion and reverse "only if no reasonable basis exists for the trial court's decision." (*Ibid.*) "In the absence of an abuse of discretion, we will affirm even if we would have ruled differently." (*Ibid.*)

Rowsell has not shown the trial court abused its discretion by tolling section 583.310 under subdivision (c) of section 583.340. He contends American Express made no showing of "due diligence" in prosecuting its action. In support, he proffers a one-sided presentation of the facts, omitting the evidence American Express provided the trial court in its return to the OSC. "An appellant who fails to cite and discuss the evidence supporting the judgment cannot demonstrate that such evidence is insufficient." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) Rowsell otherwise makes no attempt to explain why subdivision (c) of section 583.340 does not apply to toll the five-year period in this case, and he wholly fails to address the trial court's findings regarding that exception. It is not our role to construct arguments on appellants' behalf. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

In his reply, Rowsell challenges for the first time the sufficiency of the evidence supporting the trial court's factual findings. Specifically, he contends that CMO No. 10 cannot support cross-defendants' position that subdivision (c) of section 583.340 applies here to toll section 583.310. But his attempt to use his reply brief to attack American Express's arguments is unavailing. (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 [appellant's "belated attempt to address [issues] in his reply brief—after the respondents' brief noted his failure to address the [issues]—did not salvage

10

these abandoned issues"].)  Moreover, he has forfeited his contentions by failing to raise them below.  (See *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.)

Even assuming Rowsell has not forfeited his arguments, we conclude the trial court had a reasonable basis for tolling time under subdivision (c) of section 583.340.  CMO No. 10 can be interpreted as requiring resolution of the class certification motion before adjudication of the substantive merits of the parties' claims.  The evidence showing the trial court refused to sever the collection claims and set a trial date shortly after Rowsell initiated the second appeal further suggests the trial court expected the parties to resolve the class certification issues first, and it made it impracticable for cross-defendants to obtain a trial date.  American Express should not be penalized for failing to "fly in the face of" the trial court's directives.  (*Holland v. Dave Altman's R. V. Center* (1990) 222 Cal.App.3d 477, 484.)  The evidence also indicates that events outside of cross-defendants' control caused delays in the class certification appeals.

Considering those circumstances, the record supports a finding that American Express exercised reasonable diligence in pursuing its action.  It promptly sought a trial date after the trial court denied the amended class certification motion, it took action to prevent further delay in the appeals, and it renewed its request for a trial date and filed the instant motion when the second appeal concluded.  Thus, excluding the time in which the class certification issues were pending, the order granting summary judgment was well within the five-year period.  (See *In re Marriage of Dunmore* (1996) 45-Cal.App.4th 1372, 1377 [grant of summary judgment motion is a "trial" for purposes of the dismissal statutes].)

11

Rowsell contends cross-defendants "misled" the judge at the OSC hearing into believing that a different judge issued CMO No. 10 rather than the OSC judge herself. But even if the OSC judge was mistaken on that point, which is far from clear in the record, Rowsell does not explain how he was prejudiced by such an error. He is not entitled to relief absent a showing of prejudice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107–1108.)

We therefore conclude Rowsell failed to show the trial court abused its discretion in tolling the five-year period under section 583.340, subdivision (c).

## 2. Summary Adjudication of Rowsell's Declaratory Relief Claim

Rowsell makes two arguments for why the trial court should have denied cross-defendants' summary adjudication motion as to his declaratory relief claim: (1) the motion was improperly duplicative of an earlier summary adjudication motion, and (2) Rowsell raised issues of material fact regarding the issue of unconscionability. We are not persuaded.

With respect to his first challenge, section 437c, subdivision (f)(2) provides that a party may not move for summary judgment based on issues asserted in a prior motion for summary adjudication. To determine whether a second summary judgment motion is proper, courts consider whether it involves "newly discovered facts or circumstances or a change of law." (*Schachter v. Citigroup, Inc.* (2005) 126 Cal.App.4th 726, 739.)

A second summary judgment motion concerning the same general issue as the first motion does not run afoul of section 437c where the two motions are not identical and involve different legal theories. (*Patterson v. Sacramento City Unified School Dist.* (2007) 155 Cal.App.4th 821, 827.) In *Patterson*, for example, the appellate court found that although the defendant's two summary judgment motions involved the negligence element

12

of " 'duty' in a *general* sense," the "first motion focused on whether there was a statutory basis for imposing a duty [while] the second motion focused on whether the common law defense of assumption of risk applied to negate any claim of duty." (*Ibid.*) The court thus rejected the plaintiff's argument that the trial court improperly granted a second motion for summary judgment after denying the first. (*Ibid.*)

This case is akin to *Patterson*. American Express's argument in the first motion regarding Rowsell's declaratory relief claim is based on cross-complainants' standing to bring their UCL claims. In comparison, American Express argued in its second summary judgment motion that declaratory relief is not "necessary or proper" because the parties' contractual relationship ended more than 10 years ago, and American Express never sought to enforce the arbitration provision. The second motion was therefore proper, as it is based on a different legal theory and different facts.

Rowsell's second challenge is equally unavailing for two reasons. First, the trial court did not reach the unconscionability issue because it granted summary adjudication of the declaratory relief claim on the grounds that declaratory relief was not "necessary or proper" and that there was no "actual controversy." Rowsell does not address those findings in his opening brief, and thus he fails to demonstrate error.

In any event, reviewing the grant of summary judgment de novo (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142), we agree with the trial court that there are no triable issues of material fact regarding the declaratory relief claim. An action for declaratory relief must involve an "actual controversy" such that the dispute is sufficiently concrete, and the trial court is not speculating on the resolution of hypothetical situations. (*Farm Sanctuary, Inc. v. Department of Food & Agriculture*

13

(1998) 63 Cal.App.4th 495, 502.) A trial court also has discretion to deny declaratory relief where it is "not necessary or proper . . . under all the circumstances." (§ 1061.) This is the case when "resolution of the controversy over future remedies would have little practical effect in terms of altering parties' behavior." (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 648.)

Here, cross-defendants made a prima facie showing that the declaratory relief cross-claim is insufficiently concrete and unnecessary. The claim seeks a declaration that the arbitration provision in American Express's cardmember agreement is unconscionable and unenforceable. But the record indicates that cross-defendants never sought to enforce the arbitration provision in this action, which suggests the declaration sought by cross-complainants is based on a hypothetical situation. Cross-defendants also produced evidence indicating that the parties' contractual relationship ended more than 10 years ago. Based on those facts, this does not appear to be a case where a declaration would have a "practical effect in terms of altering parties' behavior," such as when "the continuation of a contractual relationship plausibly hinges" on a declaration. (*Meyer v. Sprint Spectrum L.P., supra*, 45 Cal.4th at p. 648.)

Cross-complainants did not dispute those facts below, nor did they provide evidence showing cross-defendants intended to enforce the arbitration provision. In fact, the record shows that cross-complainants did not provide *any* evidence in support of their opposition to cross-defendants' summary adjudication of the declaratory relief cross-claim. Moreover, the facts Rowsell claims are disputed have nothing to do with the issue of whether his declaratory relief claim was "necessary or proper" and based on

an actual controversy.  As such, Rowsell fails to show that there is a triable issue of material fact regarding the declaratory relief cross-claim.

## DISPOSITION

The order granting summary judgment is affirmed.

15

_____
                                   Nadler, J.*

WE CONCUR:


_____
Pollak, P.J.


_____
Brown, J.


*American Express v. Rowsell  A163660*

---

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.