Filed 8/27/24  Johnson v. First American Title Ins. Co. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LELAND JOHNSON, JR., individually and as Trustee, etc.<br><br>Plaintiff and Appellant,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY et al.,<br><br>Defendants and Respondents. | G062334<br><br>(Super. Ct. No. 30-2017-00896962)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

On the court's own motion, the unpublished opinion filed July 30, 2024, shall be modified as follows:

1. Page 1, caption, change "FIRST AMERICAN TITLE COMPANY et al.," to "FIRST AMERICAN TITLE INSURANCE COMPANY et al."

2. Page 2, the third sentence of the last paragraph that carries over to page 3, change "First American Title Company" to "First American Title Insurance Company".

3. Page 19, delete footnote 9, and renumber all successive footnotes.

These modifications do not effect a change in judgment.

The petition for rehearing filed by Plaintiff and Appellant Leland Johnson, Jr., is DENIED.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LELAND JOHNSON, JR., individually and as Trustee, etc.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>FIRST AMERICAN TITLE COMPANY et al.,<br><br>Defendants and Respondents. | G062334<br><br>(Super. Ct. No. 30-2017-00896962)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Recio, Judge.  Affirmed.

Brice E. Bryan & Associates, Brice E. Bryan and Christopher J. Brantingham for Plaintiff and Appellant.

Garrett & Tully, Ryan C. Squire and Candie Y. Chang for Defendant and Respondent First American Title Insurance Company.

WFBM, John A. Kaniewski and Reyna E. Macias for Defendant and Respondent Kathleen Shanty Molnar.

\*　　　\*　　　\*

Code of Civil Procedure section 583.310 requires all civil cases be brought to trial no later than five years after they are filed.[1]  In April 2020, in response to the COVID-19 pandemic, the Judicial Council adopted an emergency rule extending by six months the time to bring all then-pending civil cases to trial (the emergency rule).  The question presented by this appeal is whether the trial court erred in dismissing the action filed by plaintiff Leland Johnson, Jr. (Johnson) because it was not brought to trial within five years and six months after it was commenced.

Johnson does not dispute that trial of this action did not commence within five years and six months after he filed his complaint.  He contends, however, that in determining whether dismissal was appropriate, the trial court should have excluded the time during which another case involving him and defendant Kathleen Shanty Molnar was pending.  The court in that action had entered a restraining order that prevented Johnson from being within 100 yards of Molnar, and Johnson argues that order made it impossible or impracticable for him to commence trial of this action.

We conclude the pendency of the other case, which did not stay or otherwise prevent the current case from proceeding to trial, did not toll the running of the statutory period.  Nor did the existence of the restraining order make trial of this civil action impossible or impracticable.  We further conclude defendant First American Title Company (First American) was not estopped to seek dismissal under section 583.360, and that the parties

---

[1]  All further statutory references are to the Code of Civil Procedure.

2

neither stipulated in writing nor orally agreed in open court to extend the date of the trial beyond the statutory deadline.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2017, Johnson, as an individual, a trustee, and the personal representative of the estate of Leland Johnson, Sr., filed a complaint against Molnar, the Kathleen Shanty Molnar Separate Property Trust, and First American for financial elder abuse, fraud, and a handful of other causes of action (the elder abuse case).  The complaint alleges Molnar induced Leland Johnson, Sr. to wire $265,000 from his trust to purchase a house in Nevada, representing that he would own the house in proportion to his share of the purchase price.  Without Leland Johnson, Sr.'s knowledge, however, Molnar made the Kathleen Shanty Molnar Separate Property Trust the sole owner of the property.  First American is alleged to have breached its duties as escrow agent by assisting Molnar and releasing the trust funds to her without giving notice to Leland Johnson, Sr.  Trial of the elder abuse case was set for September 30, 2019.

In February 2018, Molnar obtained, by default, a five-year domestic violence restraining order against Johnson from the Orange County Superior Court in a different action, case No. 18V000305 (restraining order case).  Among other things, it prohibited Johnson from coming within 100 yards of Molnar.  Johnson moved to set aside the restraining order on the grounds he was never served with papers and did not receive notice of the hearing.  An evidentiary hearing on Johnson's motion originally was scheduled for August 9, 2019, but was continued by the trial court in that action to October 11, 2019.

On September 17, 2019, Johnson moved ex parte to continue trial of the elder abuse case to a date after the evidentiary hearing in the

3

restraining order case. The trial court granted the continuance over First American's objection. Johnson filed three more ex parte requests to continue the trial of the elder abuse case on the ground the restraining order case still had not been resolved. The court granted each of these requests. The last of the resulting orders continued the trial date of the elder abuse case to April 20, 2020.

Then COVID-19 happened. On March 19, 2020, the trial court sua sponte vacated the April 20, 2020 trial date in the elder abuse case due to the COVID-19 pandemic. At a conference in May 2020, the court rescheduled the trial for October 13, 2020. First American applied ex parte in September 2020 to continue the October 2020 trial date, citing the still-unresolved restraining order case and "safety and logistical issues" relating to the ongoing COVID-19 pandemic. The trial court granted the ex parte application and continued the elder abuse case trial to January 25, 2021.

On December 15, 2020, the trial court issued an order in the elder abuse case advising the parties no jury trials would commence in January 2021 and ordering the parties "to meet and confer in good faith to explore stipulating to either (1) a bench trial or (2) a continued jury trial date." Having received no response from the parties to its meet and confer order, the court rescheduled the trial for March 29, 2021. Molnar then requested a continuance of the trial, due to her illness with COVID-19, to October 4, 2021 "or a date thereafter that is convenient for the Court." The other parties stipulated to the request, and the court continued the trial to November 8, 2021.

On October 28, 2021, Molnar requested another trial continuance to May 9, 2022, or "a date thereafter mutually convenient to the Court and all parties," again based on her illness due to COVID-19. That same day, the

4

parties stipulated in writing to continue the trial to May 9, 2022 "or a date soon thereafter that is mutually convenient for the Court and the parties."

The trial court held a hearing on this latest continuance request on November 1, 2021. At the hearing, the court agreed to a further continuance, but not to the parties' proposed May 9, 2022 date or even to a date "soon thereafter," as the parties' stipulation requested. Instead, the court advised the parties it would continue the trial date to February 14, 2023. There is no reporter's transcript from the November 1, 2021 hearing, but none of the parties contends anyone objected at the hearing to the later date. The court's minute order reads in full: "Remote hearing held. [¶] In re: Defendant's Ex Parte Application to Continue Trial [¶] The Ex Parte Application is granted. [¶] The Jury Trial is continued to 02/14/2023 at 09:00 AM in this department. [¶] All expired pretrial deadlines remain closed. [¶] Clerk to give notice."

In September 2022, First American moved to dismiss the elder abuse case pursuant to section 583.360 due to Johnson's failure to bring the matter to trial within the statutory period.

In opposition to the motion to dismiss, Johnson's counsel submitted a declaration setting forth his view of what happened at the November 1, 2021 hearing: "3. After reviewing the papers and taking appearances Judge McCormick specifically indicated she would continue the case to February 14, 2023, and stated in Court that there was no issue with the 5 year statu[t]e even without the application of the extension period due to COVID, and that with the extra time afforded due to the COVID extension there was certainly no problem with the 5 year statute. [¶] 4. My understanding at the time was that this statement was in regards to the successive delays that had occurred while the family court matter (concerning

5

the restraining order) was continued multiple times and the tolling that would have on any statu[t]e. [¶] 5. All parties agreed to the date suggested by the Court for the stipulated continuance after this statement. No objection was raised by any defendant, nor was any disagreement voiced with the Court's statement. No defendant indicated that they were withdrawing their support from the stipulated request for continuance with the February 14, 2023 date the Court had stated would be the new trial date if the request was granted."

First American's counsel had a somewhat different take on what transpired at the November 1, 2021 hearing. His declaration stated: "3. I attended the November 1, 2021 *ex parte* hearing in this matter at which Judge McCormick set trial in this matter for February 14, 2023. I also signed the stipulation, at the request of defendant Shanty Molnar, seeking to continue trial in this matter to May 9, 2022. [¶] 4. Discussion amongst counsel regarding the May 9, 2022 date set forth in the stipulation was limited to selection of a date that was convenient for all of the parties and their counsel. I do not recall any discussion regarding the statutory deadline to bring the matter to trial, nor would I have agreed to waive said deadline. I did not in any way intend for my signing the stipulation to constitute a waiver of the statutory deadline. I never stated to any counsel or the court, at any time before or during this hearing, that First American would be willing to waive or was waiving the five-year deadline. I did not have authority from my client to waive that deadline. I have reviewed my contemporaneous notes, and they contain no indication that I ever indicated First American would be willing to waive or was waiving the deadline. [¶] 5. At the November 1, 2021, hearing, I recall that Judge McCormick announced her intent to set trial for February 14, 2023. I do not recall

6

'agreeing' to the date. However, I do recall that there was a discussion between Brice Bryan, counsel for Plaintiffs, and Judge McCormick regarding the new trial date and whether it fell within the statutory deadline. My recollection is that Judge McCormick stated that she thought the new date was still within the statutory timeframe. I further recall that Mr. Bryan agreed with Judge McCormick, stating that he believed it was still within the deadline because of the six-month emergency rule extension for COVID-19. I do not recall any discussion whatsoever regarding any applicable tolling due to the restraining order proceeding in the family court that had concluded nearly a year before the *ex parte* hearing. This discussion was very brief, and I was uncertain at the time whether the new trial date was, in fact, within the statutory timeframe. No one asked me whether I agreed or disagreed, and I did not express a view on the issue. I have no memory of concluding that the trial date was outside the deadline, and in fact, it is my memory that, during the hearing, I did not have in mind what date the timeframe expired, and had in fact not concluded that the date was outside the statutory timeframe."

After briefing and a hearing, the trial court granted First American's motion and dismissed Johnson's action.[2] This appeal followed.

---

[2] Judge Melissa R. McCormick continued the trial to February 2023. Judge Sheila Recio dismissed the case pursuant to section 583.360.

7

DISCUSSION

Johnson concedes the last scheduled trial date of February 14, 2023, was beyond the five-year mark, as extended by the emergency rule.[3] He contends, however, the trial court should have denied the motion to dismiss based on the parties' written stipulation dated October 28, 2021 or on the doctrines of tolling or estoppel. We address each contention below.

I.

RELEVANT LAW

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." On April 6, 2020, acting on authority granted by the Governor (see *Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123), the Judicial Council issued emergency rule 10(a), which provides: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months." (Cal. Rules of Court, appen. I, emergency rule 10(a).)

An action that is not brought to trial within the time prescribed must be dismissed. (§ 583.360, subd. (a).) "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (*Id.*, subd. (b).) The statute does set forth some exceptions. For example, the parties may extend the time to bring a

---

[3] For ease of reference and clarity, any reference in this opinion to the five-year statutory period applicable to Johnson's action refers to the five-year-plus-six-months period that resulted from application of the extension set forth in the emergency rule.

case to trial beyond the prescribed period either by written stipulation or by an oral agreement in open court that is entered in the minutes or transcribed. (§ 583.330.)  In addition, in determining whether the prescribed period has expired, the court must exclude any time during which the trial was stayed or enjoined, or during which bringing the case to trial would have been "for any other reason, . . . impossible, impracticable, or futile."  (§ 583.340, subds. (b), (c).)

## II.

### STANDARD OF REVIEW

"A trial court's dismissal of an action for failure to prosecute under section 583.310 is generally reviewed for abuse of discretion. [Citation.]  However, proper interpretation of statutes and court rules are issues of law, and in such instances we review the trial court's decision de novo."  (*Barron v. Santa Clara County Valley Transportation Authority, supra*, 97 Cal.App.5th at p. 1123.)

## III.

### THE PARTIES DID NOT STIPULATE IN WRITING OR BY ORAL AGREEMENT IN OPEN COURT TO EXTEND THE TIME TO BRING THE CASE TO TRIAL BEYOND THE PRESCRIBED PERIOD

"A written stipulation extends [former] section 583's five-year term for bringing the action to trial if it *expressly* either waives the right to dismissal, or extends the time of trial to a date beyond the five-year period. But merely extending the time of trial to sometime within the five-year term—absent a showing the parties intended otherwise—will not extend the deadline."  (*General Ins. Co. v. Superior Court* (1975) 15 Cal.3d 449, 455.)

Five years from the date Johnson filed his complaint was January 11, 2022.  With the six months added by the emergency rule, trial

9

had to begin no later than July 11, 2022.  Although the parties stipulated in writing to continue the trial to "May 9, 2022, or a date soon thereafter that is mutually convenient for the Court and the parties," the stipulation did not expressly waive the right to dismissal.  Nor did it expressly extend the trial to a date after July 11, 2022; the only express stipulated continuance was to May 9, 2022, a date *within* the five-year period.

Nor is there any evidence—in a reporter's transcript, the trial court's minute order, or even the parties' respective declarations—that the parties entered into any express oral agreement at the November 1, 2021 hearing to extend the time to bring the case to trial beyond the prescribed period, much less that such an oral agreement was entered in the minutes or transcribed, as the statute requires.  Thus, neither of the exceptions set forth in section 583.330 applies.

Johnson argues the parties' stipulation should be "deemed" to have incorporated the February 2023 trial date selected by the trial court because it asked that the trial be continued to "May 9, 2022, *or a date soon thereafter* that is mutually convenient for the Court and the parties."  (Italics added.)  We reject this argument because it ignores the requirement that the written stipulation *expressly* extend the trial to a date beyond the five-year period.  It also ignores the sound reasons why the statute requires stipulations extending the deadline to either be in writing or be made by an oral agreement entered in the minutes or transcribed:  "The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to

10

be extended by both parties." (*Miller & Lux Inc. v. Superior Court* (1923) 192 Cal. 333, 340.)

IV.

JOHNSON CANNOT PROVE BY CLEAR AND CONVINCING EVIDENCE THE FIVE-YEAR PERIOD WAS TOLLED

Even where the parties have not expressly agreed to extend the statutory period for bringing a case to trial, section 583.340 provides that the five-year period is tolled when the action was stayed or when it was impossible, impracticable, or futile to bring the matter to trial. (*Id.*, subds. (b), (c).) Johnson seeks to invoke the tolling exception, arguing the deadline to bring his elder abuse action to trial was tolled by the pendency of the restraining order action. Johnson bears the burden of proving by clear and convincing evidence that section 583.340 tolling applies. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731; *Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1533.) We conclude he has not met that burden.

*A. Stay of Proceedings*

Johnson concedes no formal stay of his elder abuse action was ever ordered by the trial court. He contends, however, the continuances that were requested based on the ongoing litigation in the restraining order case "were effectively a stay despite being labeled continuances." The law is to the contrary.

"To decide whether section 583.340(b) applies, we must distinguish between a stay of the trial and a continuance. Under section 583.340(b), a stay of the trial halts the running of the five-year period. [Citation.] By contrast, a continuance generally does not. We have long observed that '[s]tipulations [by the parties] that merely extend the time for

11

trial within the five-year period, absent a showing that the parties intended otherwise, will not extend the five-year period.'" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1091–1092.) "What matters is whether the order is functionally in the nature of a stay, which implicates the legislative purposes behind tolling the five-year period, or whether it is functionally in the nature of a continuance, which does not." (*Id.* at p. 1092.) "The long-standing judicial understanding of the term 'stay' in the context of the five-year statute is that it refers to those postponements that freeze a proceeding for an indefinite period, until the occurrence of an event that is usually extrinsic to the litigation and beyond the plaintiff's control." (*Ibid.*)

We agree the existence of the restraining order case was something extrinsic to the elder abuse case. But there was never a stay of the elder abuse case or any order that froze the case for an indefinite period or prevented Johnson from prosecuting it. The trial court simply granted a series of requests by one party or another (or sometimes all of them) to continue the trial date.[4] The appellate record does not reflect Johnson ever raised with the court the practicalities of conducting a trial while complying with the restraining order. "We conclude subdivision (b) of section 583.340 governs only complete stays that are 'used to stop the prosecution of the action altogether.'" (*Bruns v. E-Commerce Exchange, Inc., supra*, 51 Cal.4th at p. 730.) The trial court's finding there was no stay in the proceedings is

---

[4]  Johnson insists the trial court granted continuances because it recognized it was impracticable to try the elder abuse case while the restraining order case was still pending. The court's orders granting the continuances did not address whether and how the elder abuse case could proceed while the restraining order was in place.

supported by substantial evidence. Section 583.340, subdivision (b) simply does not apply here.

*B. Impracticability*

Johnson contends the trial court should have found the five-year statute was tolled due to impracticability based on the pendency of the restraining order case in family court for 447 days (from September 18, 2019 through December 9, 2020). By Johnson's calculations, 447 days of tolling would yield a statutory dismissal date of October 1, 2023. The trial court found Johnson "simply fail[s] to meet [his] burden" on the tolling argument. We agree.

A party contending the five-year statute is tolled due to impracticability must prove (1) a circumstance of impracticability, (2) that has a causal connection to the failure to move the case to trial, and (3) reasonable diligence "in prosecuting the case at all stages of the proceedings." (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 326.) "The tolling provision for impossibility, impracticability or futility does not exist in a vacuum. "'What is impossible, impracticable, or futile is determined in light of all the circumstances of a particular case, including the conduct of the parties and the nature of the proceedings. *The critical factor is whether the plaintiff exercised reasonable diligence in prosecuting its case.* [Citation.] The statute must be liberally construed, consistent with the policy favoring trial on the merits.""'" (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1270 (*Sanchez*).)

Johnson fails to offer any cogent argument on how the pendency of the restraining order case made it impracticable for his elder abuse case to proceed to trial. If the existence of a restraining order prevented the restrained party (Johnson) and the protected party (Molnar) from being in a

13

courtroom together, no proceedings in the restraining order case could ever be held. That clearly is not the case. Moreover, nothing precluded Johnson from either asking the court that issued the restraining order to modify the order to permit both parties to attend the trial in the elder abuse case or requesting the trial court in the elder abuse case to address the impact of the restraining order on Johnson's right to prosecute the elder abuse action.

Johnson also argues it would have been impracticable to proceed to trial in the elder abuse case while the restraining order case was pending because Molnar could have prejudicially portrayed him to the jury as an abuser who had to be subjected to a restraining order. Any such potential prejudice could have been addressed by appropriate motions in limine; it certainly would not render trial of the elder abuse case impracticable.[5]

Johnson suggests it was impracticable to proceed with trial of the elder abuse case until all civil trials in Orange County were being fully conducted in person in court. He points to the parties' October 2021 stipulation to continue the elder abuse case trial, which stated, "given the nature of the issues involved in this action, all parties agree that they would desire to proceed with an in-person trial" so the jury could assess credibility based upon the witnesses' "live testimony." But that simply reflects the parties' preference; it does not show the trial could not have proceeded remotely, in whole or in part, if necessary under the exigent circumstances posed by the COVID-19 pandemic.

---

[5] In any event, we note that by the time the parties stipulated on October 28, 2021 to continue the elder abuse case trial to May 9, 2022, the evidentiary hearing in the restraining order case had long since concluded, with the court denying Molnar's request for a restraining order. Thus, as of October 28, 2021, the restraining order had no nexus with the continuance of the elder abuse trial.

14

Johnson also cannot establish his diligence in attempting to comply with the statutory deadline for bringing his case to trial. "'"The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the statutory five-year constraint] *due to causes beyond his or her control.*"'" (*Bruns v. E-Commerce Exchange, Inc., supra*, 51 Cal.4th at p. 731.) In *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1420–1421, the appellate court concluded it was not impossible, impracticable, or futile for the plaintiff to have brought the action to trial despite an official county-wide moratorium on all civil trials and an unofficial but de facto moratorium on all but priority civil cases. The official moratorium occurred in 2004 and lasted for six weeks; the unofficial moratorium occurred in 2005 and also lasted six weeks. (*Id.* at p. 1421.) The plaintiffs acknowledged these moratoria were remote in time from the June 2008 statutory cutoff. (*Ibid.*) The record also showed the plaintiffs were not ready for trial at the time of the moratoria. (*Ibid.*) Here, too, the record does not reflect Johnson was ready to go to trial on any of the scheduled trial dates that were continued or that he pressed the court to set a firm trial date before the expiration of the statute.

In *Sanchez*, six months before the five-year period expired, the attorney for one of the defendants committed suicide and a new law firm substituted in for that defendant. (*Sanchez, supra*, 109 Cal.App.4th at p. 1267.) As a result, the parties stipulated to a continued trial date that was less than one month before the five-year period expired. (*Ibid.*)[6] During a

---

[6] The opinion does not reflect whether the parties' stipulation was made in writing, made orally in open court, or in some other way.

conference call with the parties, the trial court set a new trial date that was *after* the five-year statute expired, but none of the parties advised the court the new trial date fell after the five-year mark.  (*Ibid.*)  The defendants then filed a motion to dismiss, which the trial court granted.  (*Id.* at p. 1268.)

The appellate court affirmed dismissal of the action, concluding there was no causal connection between counsel's death and the plaintiffs' failure to bring the action to trial within five years.  "[The] plaintiffs' failure to bring the action to trial within five years is attributable to their counsel's lack of diligence in failing to keep apprised of the case's chronology.  The record reflects plaintiffs' counsel was under the misapprehension that the five-year anniversary of the case's inception would occur sometime in June or July of 2002.  Consequently, on September 25, 2001, when the trial court selected a trial date of January 29, 2002, plaintiffs' counsel failed to alert the trial court to the fact that January 10, 2002, was the five-year mark and acquiesced in the setting of a trial date beyond the five-year period.  [¶] Because it was the inadequate oversight of plaintiffs' counsel, rather than Levin's death, which led to plaintiffs' failure to bring the action to trial within five years, there was no causal connection between the circumstances upon which plaintiffs rely and their failure to satisfy the five-year requirement.  In short, it was not impracticable to bring the action to trial for the reasons proffered."  (*Sanchez, supra*, 109 Cal.App.4th at p. 1272.)

The *Sanchez* court further concluded the plaintiffs' failure to bring a motion to specially set the trial before the expiration of the five-year statute meant the plaintiffs had failed to exercise reasonable diligence.  It explained:  "[I]rrespective of plaintiffs' counsel's acquiescence at the September 25, 2001 conference, at which time the trial court selected the January 29, 2002 trial date, there was still ample time after that conference

16

to bring a motion to advance the trial date.  [Citation.]  Plaintiffs missed that opportunity as well.  "'Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability." [Citation.]' [Citation.]  [¶] . . . [¶]  Plaintiffs did not exercise reasonable diligence to ensure that the case was brought to trial within the statutory period—plaintiffs simply overlooked the five-year mark.  Not surprisingly, the trial court found unpersuasive plaintiffs' after-the-fact rationalization that various circumstances, including Levin's suicide, made it impracticable to try the action within five years.  On this record, we perceive no abuse of discretion in the trial court's rejection of plaintiffs' claim of impracticability." (*Sanchez, supra*, 109 Cal.App.4th at pp. 1273–1274.)

The same is true here.  Johnson showed no causal connection between the pendency of the restraining order case and his failure to bring his case to trial within the five-year window.  Moreover, once the parties knew trial was continued to February 2023, rather than to the parties' requested date of May 9, 2022, it was incumbent on Johnson's counsel to ensure the new trial date did not fall outside the five-year period and, if it did, to promptly bring a motion to advance the trial to avoid the prospect of dismissal under section 583.360.  Given his failure to do so, substantial evidence supports a conclusion that Johnson failed to exercise diligence in attempting to bring his case to trial within the statutory period.

17

Johnson argues in passing that the five-year statute was tolled by Molnar's illness.[7] The trial was twice continued because Molnar was ill from COVID-19. Molnar stated in a declaration that she contracted COVID-19 in January 2020 and, as of October 29, 2021, was still suffering the effects of long COVID-19 and was "generally unable to assist [her] counsel in preparing for trial." Further, she provided a letter from her doctor recommending she shelter in place at home and conduct all meetings virtually.

We conclude these facts do not amount to a tolling for impracticability. The doctor's letter indicated Molnar could participate in a trial virtually; thus, she could have testified and been cross-examined remotely if necessary.[8] And even if Molnar's illness could have supported some period of tolling, Johnson provided no evidence of how many days Molnar's illness lasted, so the trial court had no basis on which to determine how long any such tolling would have lasted. As Johnson acknowledged in

---

[7] The trial court did not address Molnar's illness in finding there was no tolling of the five-year statute. Johnson did not specifically argue it in opposition to the motion to dismiss in the trial court.

[8] This is exactly what happened when the evidentiary hearing was finally held in the restraining order case: Molnar was examined and cross-examined telephonically. This underscores the fallacy in Johnson's argument that the elder abuse trial could not go forward because in-person testimony is essential to cross-examination and the trier of fact's ability to make credibility determinations. The trial court in the restraining order case had no difficulty evaluating Molnar's remote testimony and finding her credibility was compromised. Likewise, the trier of fact in the elder abuse case could have evaluated Molnar's credibility based on her remote direct and cross-examination at trial if her health had prevented her from testifying in person. At a minimum, it was incumbent on Johnson as the plaintiff to raise the issue with the trial court before the five-year statute ran. He failed to do so.

18

his opposition to the motion to dismiss, "[t]he length of time provided for that tolling may be more difficult to calculate, but could encompass the time between defendant's bringing of the application (November 1, 2021) and the initial date selected by defendant in the application (May 9, 2022), a period that would add an additional 189 days." (Boldface omitted.) The burden was on Johnson to demonstrate facts showing a tolling; his speculation about how long Molnar's illness could have lasted does not meet that standard.

V.

FIRST AMERICAN WAS NOT ESTOPPED TO SEEK DISMISSAL OF THE COMPLAINT

Finally, Johnson asserts the trial court erred by finding First American was not estopped to seek dismissal of his action under section 583.360.[9] We disagree.

"[T]he equitable doctrine of estoppel applies fully to motions brought under [former] section 583, subdivision (b). Our holding gives full flower to the 'duty of the trial court to examine *all the acts and conduct* of the parties, and render a discretionary decision with a view to furthering the ends of justice.' [Citation.] If a trial court encounters statements or conduct by a defendant *which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception.* By following the rule of *Tresway* [*Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431], we move away from the rigid application of a few limited exceptions to [former] section 583, subdivision (b), and rather adopt a rule that permits substantial justice to triumph over form." (*Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d

---

[9] Johnson did not argue estoppel as to Molnar in his opposition to First American's motion to dismiss.

19

276, 281, italics added.) As section 583.140 provides: "Nothing in this chapter abrogates or otherwise affects the principles of waiver and estoppel."

"Equitable estoppel requires that (1) the party to be estopped was aware of the operative facts and either intended that its act or omission be acted upon, or acted in such a way that the party asserting estoppel rightfully believed it was intended; and (2) the party asserting estoppel was unaware of the facts and relied on the other party's conduct to its detriment. [Citation.] The party asserting estoppel has the burden to establish these elements." (*Gaines v. Fidelity National Title Ins. Co., supra*, 62 Cal.4th at p. 1097 [rejecting estoppel argument because parties' communications regarding stay did not reflect an understanding the statute would be tolled].) We review the trial court's finding that estoppel did not apply for substantial evidence. (*Id.* at p. 1098.)[10]

The trial court found estoppel did not apply. It explained: "Based on the evidence presented, the court does not find that defendant [First American's] actions or inaction constituted conduct upon which a claim of equitable estoppel may be based. Here, Defendant made no promise

---

[10] Johnson suggests the de novo standard of review applies. The cases he cites in support of this contention, however, make clear that is not the applicable standard of review in this case. "Some courts have applied an abuse of discretion standard in determining whether a trial court properly applied equitable estoppel to compel arbitration. [Citations.] In California, absent conflicting evidence, we review the issue de novo [citation], as the question is *whether the undisputed facts constitute a sufficient legal basis for the application of equitable estoppel*." (*Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, 226, fn. 9, italics added.) As shown above, evidence regarding the issue of estoppel is disputed, including, e.g., whether defendant's counsel agreed to the February 14, 2023 trial date. However, for the reasons set forth in the text, we would find no error under either standard.

related to waiving the dismissal statute. In fact, there is no evidence that moving defendant ever mentioned or suggested any intent to extend or waive the dismissal statute, or that defendant was even aware at the time that the trial was being set beyond the dismissal period. Here, defendant simply agreed not to oppose co-defendant's request for a trial continuance and agreed to a new date of 5/8/22,[11] which appeared to be within the statutory period, assuming the Emergency Order extended the deadline by six months. And at the 11/1/21 *ex parte* hearing, defendant simply remained silent when trial was set beyond the statutory period. Such appears insufficient to trigger the doctrine of estoppel. Although this court recognizes the strong policy favoring disposal of litigation on the merits, this court also recognizes that Section 583.340 contemplates a bright-line, nondiscretionary rule with limited exceptions."

We agree with the trial court that First American's actions or inactions at the time the court set the trial date past the expiration of the five-year period do not require or support the application of estoppel. Johnson's counsel may have been confused or uncertain during the November 1, 2021 hearing about when the statutory period ran, but he was not unaware of the relevant facts, and he had ample opportunity after the hearing to double-check the facts and the law and, had he concluded it was necessary, to make a motion to advance the trial to ensure it was timely commenced. Nor could Johnson reasonably rely on First American's silence. It would not be reasonable for Johnson's counsel to assume defendants were

---

[11] The trial court's order contains a typographical error in the date. The agreed-upon trial date set forth in the parties' stipulation was May 9, 2022. The error is immaterial to the court's resolution of the motion to dismiss.

21

watching out for his client's interests and would alert him that he needed to take steps to protect his client from a dismissal under section 583.360.

Johnson cites *Rose v. Scott* (1991) 233 Cal.App.3d 537, 541, for a supposed "general rule" that a party seeking a trial continuance is estopped to assert the statutory deadline of section 583.310, and *Holder v. Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, 327, for the proposition that a defendant who seeks and obtains a trial continuance from the court is "bound by it" and cannot later seek to enforce the five-year deadline. Both cases are distinguishable.

In *Rose v. Scott*, the five-year statutory period expired August 14, 1989. (*Rose v. Scott, supra*, 233 Cal.App.3d at p. 539.) In October 1985, the defendants moved to continue the trial date in light of the pendency of an administrative action involving a related matter that would affect the civil case. (*Ibid.*) The plaintiff later amended its complaint, but due to unspecified delays, the defendants' answer to the amended complaint was not filed until August 14, 1989, the day the five-year statute ran. (*Id.* at p. 540.) The trial court sua sponte dismissed the complaint. (*Ibid.*) Ultimately, the dismissal was reversed because the appellate court determined the five-year period had been tolled for three separate periods, meaning the dismissal was

22

premature; the court did not conclude the defendant was estopped to seek dismissal.[12]

In *Holder v. Sheet Metal Worker's Internat. Assn., supra*, 121 Cal.App.3d 321 the defendant's counsel requested a continuance of the trial to a date *after the expiration of the statutory dismissal date*, and the plaintiff's counsel, "[m]otivated by professional courtesy," agreed. (*Id.* at p. 324.) That is not what happened here. First American did not propose (and obtain) a trial continuance to a date outside the five-year window and then take advantage of the new trial date to obtain a dismissal. First American agreed with Johnson and Molnar to a new trial date (May 9, 2022) *within* the five-year period, only to have the court instead select a new trial date that was not only nine months later than the parties' proposed date but also after the five-year deadline expired. Johnson cites no authority for the proposition that a defendant can be estopped from moving to dismiss under section 583.360 when the trial court selects a trial date outside the five-year window and the plaintiff's counsel does nothing to advance the trial date or otherwise bring the problem to the court's attention.

It is true First American sought a trial continuance back in September 2020, but the new trial date it requested at that time was well within the statutory period. Johnson cites no authority holding that a single

---

[12] The appellate court referred to "the general rule . . . that when a party seeks a continuance of trial, that party is estopped to assert limitation periods for bringing an action to trial." (*Rose v. Scott, supra*, 233 Cal.App.3d at p. 541.) But the cases cited for that general rule are more specific: they hold estoppel applies when the defendant seeks a continuance of the trial that pushes the trial date past the five-year limit, not when the defendant's request for a continuance is still within the five-year period. (See *Ward v. Levin* (1984) 161 Cal.App.3d 1026, 1034; *Borglund v. Bombardier, Ltd., supra*, 121 Cal.App.3d at p. 281.)

23

such request prohibits a defendant from later bringing a motion to dismiss the case under section 583.360 when multiple subsequent continuances push the trial date past the five-year window.[13]

At its root, Johnson's estoppel argument is based on First American's silence at the November 1, 2021 hearing when the trial court indicated it would continue the trial to February 2023. The record on appeal shows First American's counsel neither confirmed nor denied the February 14, 2023 trial date was within the five-year period. The trial court did not abuse its discretion in determining that the doctrine of estoppel does not apply under the circumstances here.

DISPOSITION

The judgment is affirmed. Respondents shall recover costs on appeal.

GOODING, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

DELANEY, J.

---

[13] We commend all counsel for their civility in agreeing to the other parties' requests for continuances throughout this litigation. We trust our holding here will in no way deter attorneys from continuing to work together cooperatively and honor their civility obligations.